## RIETHMANN ET AL. v. GODSMAN.

1. EVIDENCE—CONVERSION.

It is competent in an action for the wrongful taking and conversion of goods to introduce both oral and written evidence of claim of ownership and demand for return of the chattels at the time of the seizure, neither one to prove or assist the other, but each as independent evidence of the facts of claim of ownership and the demand for return of the property.

2. SAME.

The plaintiff in an action for the wrongful seizure of his goods by a sheriff is not limited in his proof to the officer's return. He may, if he can, show the circumstances of the taking and conversion by eyewitnesses.

3. TORT—JOINT LIABILITY.

Plaintiffs in an attachment suit who knowingly approve the acts of the officer levying the writ and take the benefits thereof are, if the seizure was wrongful, jointly liable with the officer.

4. SAME—ACTION MAINTAINABLE, WHEN.

It seems that an action for damages by the true owner of property will lie for a wrongful levy of a writ of attachment thereon, notwith-

standing the goods may have been levied upon under a prior writ. Certainly, if the prior attachment was wrongful, he may maintain his action for a second wrongful levy.

5. FRAUDULENT SALES—NOTICE.

A sale of property, though for a full consideration, made by the owner with intent to hinder, delay or defraud his creditors, is, if the vendee participated in such intent, void as against the vendor's creditors. But a purchaser for a valuable consideration cannot be charged as a participant in the fraud unless he had either actual notice of the fraudulent intent of his vendor or knowledge of circumstances sufficient to put a reasonable person upon inquiry which would have given actual notice.

6. BURDEN OF PROOF—FRAUD.

The burden of proving fraud is upon him by whom it is alleged.

*Appeal from the District Court of Arapahoe County.*

THIS was an action brought by P. B. Godsman, as plaintiff, against the defendants Riethmann & Co. and W. K. Burchinell for damages alleged to have been sustained by him on account of the wrongful taking and conversion by the defendants of his stock of drugs and druggists' merchandise. There are two defenses in the answer,—one, a general denial, the other, an admission of the taking and a justification. The justification is that the property in question never belonged to the plaintiff, but that it was the property of one J. J. Dunnagan, and, as such, was, by Burchinell, as sheriff, levied upon under a writ of attachment issued in an action then pending between Riethmann & Co., as plaintiffs, and J. J. Dunnagan, as defendant, and that thereafter judgment was duly rendered in said action for the plaintiffs against the defendant, and the property theretofore attached was sold under an execution sued out under the said judgment, and the proceeds of such sale applied in part satisfaction of said judgment; that the pretended sale of the property by Dunnagan to Godsman before the levy of the writ of attachment was void because made with intent on the part of Dunnagan to delay his creditors, of which Godsman had notice.

The affirmative defense was denied in the replication, and upon the issues thus joined trial was had before a jury, whose

verdict was in favor of the defendant Burchinell, but against the defendants Riethmann & Co., and in favor of the plaintiff for $3,216.50, on which a judgment was entered. Upon the plaintiff's motion for a new trial as to the defendant Burchinell, the court granted the same, and subsequently plaintiff dismissed the action as to Burchinell without prejudice. From the judgment against them Riethmann & Co. have appealed to this court.

Messrs. RISING, BROWN & MALONE, for appellants.

Mr. J. E. ROBINSON, for appellee.

MR. JUSTICE CAMPBELL delivered the opinion of the court.

Of the numerous errors assigned, only such as are argued in the briefs are considered.

1. At the trial the plaintiff testified that when the deputy sheriff, accompanied by one of the members of the firm of Riethmann & Co., came into his store to levy the writ of attachment, he informed them orally that the goods were his own, protested against their seizure, and, when taken by the officer, demanded their return. Immediately thereafter, and in connection therewith, he served upon the officer and the defendants Riethmann & Co. a written protest to the same effect. A copy of this writing was admitted in evidence over the defendants' objection, and this ruling is assigned as error. Its admission is said to be improper because it was not necessary to refresh the memory of the witness, and that it was a self-serving declaration of the plaintiff, because therein was a statement of the plaintiff that the goods were claimed to be attached by Riethmann & Co.

The ruling, however, was right. Both the oral claim of ownership and the written demand and protest were admissible, neither one to prove or assist the other, but each as independent evidence of the facts of claim of ownership, a protest against seizure, and a demand for the return of the property. Greenleaf on Evidence (14th ed.), sec. 90.

2. Oral testimony was admitted for the plaintiff as to what Duggan (the deputy sheriff) did in the way of taking possession of the goods. This is said to be error, on the ground that the best evidence of the sheriff's execution of the attachment writ is the return of that officer to the writ.

In some cases, and for some purposes, this may be true. In this case the plaintiff sues the defendants, as individuals, for the wrongful taking and conversion of his property. It certainly is not incumbent on plaintiff to prove the seizure by the introduction of court records and the files of a case to which he is not a party. He is not bound by the judgment in that case, nor is he restricted to record evidence of the taking and conversion of his property. He may, if he can, show this by the testimony of eyewitnesses. When the defendants come to their justification for the taking, then they may, by their attachment writ and the return of the sheriff, show what they did to the property. Moreover, if the admission of oral testimony was error, it was abundantly cured when the plaintiff introduced the attachment writ and the return, and when both parties, during the progress of the trial, referred to, and commented upon, the same.

3. It is further contended that inasmuch as Riethmann & Co., the attaching creditors, did not direct the sheriff to levy the writ upon this particular property, they are not jointly liable with the sheriff, even though the taking was wrongful. Authorities to this effect are cited. The rule, however, is inapplicable to this case, for the joint answer of the defendants alleges that the property did not belong to the plaintiff, but was Dunnagan's when seized by the sheriff. The plaintiffs in the attachment suit gave the sheriff an indemnity bond before he would levy on this property, and their joint answer, as well as their own evidence, further shows that after the recovery of the judgment by them against Riethmann, they caused a special execution to be issued upon that judgment, commanding the sheriff to sell this same property, and such sale was made, and the proceeds thereof applied in satisfaction of their judgment.

There can be no stronger case of ratification of the officer's acts than by the attaching creditors thus knowingly approving of them and receiving their benefits; and this makes them jointly liable with the sheriff. Cooley on Torts, pp. 129–137; *Dyett v. Hyman et al.*, 129 N. Y. 351; Drake on Attachments, sec. 196.

The fact that some of these acts of ratification were subsequent in time to the date of the wrongful taking, as alleged in the complaint, is not material, for Riethmann & Co. in their answer set up, and in their evidence proved, these subsequent acts as their justification for the taking.

4. Another point is that the record shows that this property was levied upon under a prior writ of attachment, and thus being in the custody of the law, for a subsequent levy thereon the plaintiff in the second suit is not liable. To this we are referred to Drake on Attachments, sec. 196 *b*. The case of *Ginsberg & Oppenheim v. Pohl*, 35 Md. 505, is cited by the author as authority for the proposition. An examination of the opinion shows that the ruling was based upon previous decisions of the same court, holding the goods levied upon under a valid writ of attachment, whether belonging to the debtor or to a third person, are in the custody of the law, and the true owner thereof cannot maintain an action of replevin for them. The rule is otherwise in New York, and so, also, in this state. *Wilde v. Rawles*, 13 Colo. 583; Mills' Ann. Code, p. 258, note 20; 26 Am. & Eng. Ency. of Law, p. 602 and notes; *Thompson v. Button*, 14 Johnson, 86; *Park v. Skinner*, 20 Johnson, 465.

It would seem to follow that in this state an action for damages by the true owner for such a levy will lie. We are not obliged, however, to pass upon this proposition, for there was no competent evidence that the goods were levied upon under a prior writ of attachment. True it is that in the return upon the writ in question there is a statement to this effect, and this statement may bind the officer and the parties to that suit. But in this case the evidence upon this point (so far as there is anything in the record upon this

question at all) is that the actual levy and taking of the goods under the two writs of attachment were at the same time.   If this be true, the plaintiffs in both actions may be liable for the taking.   Neither is there proof of any sort that the alleged prior levy was under a valid writ of attachment, and hence, if the previous attachment was wrongful, as it was if the property belonged to Godsman, certainly he, as owner of the property, may maintain his action for the second wrongful levy.   *Schluter v. Jacobs*, 10 Colo. 449; *Cox v. Hall et al.*, 18 Vt. 191; 6 Wait's Act. & Def., 110, sec. 2.

5. The remaining objections relate to the instructions. The evidence is uncontradicted that the goods were sold by Dunnagan to Godsman, a bill of sale therefor given, and the possession required by our statute taken by the vendee and continuously held by him until the attachment writ was levied.   The sale is attacked, however, upon the grounds that the consideration was not sufficient, and that, in selling, Dunnagan intended to delay his creditors, of which intent Godsman had knowledge.   As to the value, the only evidence in the record is that Godsman paid a full and adequate consideration for the stock of goods.   He did not have actual knowledge of the alleged fraudulent intent of his grantor, but the defendants insist that he knew, or might have known, of facts and circumstances sufficient to put a reasonable man upon inquiry, which, if followed up, would have resulted in actual knowledge of the seller's wrong.   With apparent confidence, also, the appellants claim that by Dunnagan's own admission it appears that his intention in selling was to delay his creditors.

It is well settled that a sale of property, though for a full consideration, made by the owner with the intent on his part to hinder, delay or defraud any of his creditors is void as against all of his creditors if the vendee participated in such intent.   There seems to be some controversy between counsel as to the nature of this participation; whether mere knowledge by the vendee of the vendor's fraudulent intent makes the former a participant in the fraud, or whether something

more is necessary. The appellee cites *Stearns v. Gage,* 79 N. Y. 102 ; *Farley v. Carpenter,* 27 Hun, 359 ; and *Parker v. Conner,* 93 N. Y. 119, as authority that the doctrine of constructive notice does not apply to the case of a fraudulent sale of property, and that "circumstances to put the purchaser on inquiry where a full value has been paid are not sufficient."

It would seem, under the authority of these cases, that the purchaser for a valuable consideration without previous notice is not chargeable with constructive notice of the fraudulent intent of his vendor ; but under these authorities, as well as under former decisions of this court (*Smith v. Jensen,* 13 Colo. 213 ; *Grimes v. Hill,* 15 Colo. 359 ; and *Seeleman v. Hoagland,* 19 Colo. 231) knowledge of circumstances may be equivalent to actual notice, although constructive notice is insufficient. Under no authorities, however, which we have examined, can a purchaser for a valuable consideration be charged as a participant in the fraud, unless he has either actual notice or knowledge of such equivalent circumstances.

By the instructions of the refusal of which appellants complain, the court was asked to charge the jury that knowledge by the vendee of the vendor's fraudulent intent rendered the sale void. It may be conceded that as a general proposition this is correct. We observe, first, that in our judgment it is a grave question whether there is any evidence that the vendor was guilty of the fraud charged. There may be facts and circumstances in the record from which, by inference, a suspicion thereof might be warranted. To say the least, the weight of the evidence is against it. The vendee certainly had no actual notice of such intent, if any there was. Unless, therefore, he knew of circumstances sufficient to put a reasonable person on inquiry which would have given actual notice, even the appellants concede that the sale was valid. We have examined the entire record with care, and fail to find any competent evidence that the plaintiff, as vendee, knew of any circumstances which could be regarded as the

equivalent of actual notice, and so, for this reason, the instruction upon this branch of the case was properly refused.

As to other instructions refused by the court in which the jury were informed that they might consider certain facts and circumstances, so far as known by the vendee, as bearing upon the question of knowledge by him of his vendor's fraudulent intent, we observe, in the first place, that some of these things did not exist until after the sale was completed; of others there is no evidence at all; others were not of a character to excite suspicion; and so the instructions were properly refused. 2 Thompson on Trials, sec. 2349. But a more satisfactory reason for their rejection is that such alleged facts were not brought home to the vendee's knowledge.

In charging that the burden of proof was upon the defendants to establish the fraud alleged by them, there was no error. The correctness of this proposition of law as a general rule is conceded by appellants, but they insist that it was misleading in this case because when Dunnagan admitted that his intention was to delay his creditors the burden shifted, and the plaintiff was put to his proof to show that he was a holder in good faith and for value. To this are cited *Lerch Hardware Co. v. First Nat. Bank*, 109 Pa. St. 241; *Kyle v. Ward*, 81 Ala. 120.

This contention assumes that there was proof showing an intention by Dunnagan to defraud, as to which nothing need now be said. For the reason heretofore given the instruction was properly refused, because there was no evidence that Godsman was not a holder in good faith and for value. Besides this, no error can be assigned to this ruling for the reason that the defendants asked of the court no instruction embodying the modification which they claim should have been submitted.

In this connection it is fitting to say that although the court, probably out of an abundant caution, saw fit to submit to the jury the question of fraud, nevertheless it might, with

safety, have withdrawn the same, because there was a failure to connect Godsman therewith.

Other questions have been called to our attention by the appellants, but we do not deem it necessary further to notice them. Indeed, were the propositions involved resolved in favor of the appellants, still the judgment must be affirmed, for we are satisfied that the failure of the proof to show the fraudulent sale must, in any event, result in a judgment in favor of the plaintiff, and that any other judgment, based upon this record, could not be sustained.

The judgment is affirmed.

*Affirmed.*