## No. 11,075.

## EBERT v. FLUKE.

Decided July 6, 1925.

Action to foreclose trust deed. Decree for plaintiff.

*Affirmed.*

1. APPEAL AND ERROR—*Findings.* Findings and decree of the trial
court, based on conflicting evidence, will not be disturbed on
review.

*Error to the District Court of Delta County, Hon. Thomas
J. Black, Judge.*

Messrs. STOW & STOVER, Mr. W. K. LILLEY, for plaintiff in error.

Mr. C. H. STEWART, Mr. MORTIMER STONE, for defendant
in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

DEFENDANT in error, May Fluke, brought this action
against plaintiff in error Ebert, for a foreclosure of a
trust deed upon real estate and water rights belonging
thereto for a failure of defendant to pay his promissory
notes and interest thereon which the trust deed was given
to secure, and for breaches by the defendant of other cove-
nants of the trust deed, which entitle her to the foreclosure.
The defendant, in his answer, denies the breaches alleged
and, in a counterclaim or cross-complaint, avers that af-
ter the alleged defaults by him he entered into an oral
agreement with the plaintiff based upon a valuable con-
sideration, specific performance of which he asks, that

the possession of the mortgaged property should be surrendered by him and delivered to the plaintiff along with certain live stock and personal property which he had theretofore purchased from plaintiff, in consideration of which the plaintiff promised to cancel, satisfy and discharge the promissory notes and deed of trust securing the same. He further alleges that he performed all the terms of the oral agreement by him to be performed, and that, while there was no agreement with reference to the payment of taxes that had been levied and assessed against the property or payment of water assessments which had accrued and become payable during his occupancy of this land which he had bought from the plaintiff, he, nevertheless, stands ready and offers to pay the same, if in right and equity he should do so, and that plaintiff wrongfully refuses to keep and perform the oral agreement on her part. There are other provisions in this oral contract which are not material on this review. The district court found all the issues of fact and law in favor of the plaintiff and rendered the appropriate decree of foreclosure.

The defendant does not contend, but if he did the record is to the contrary, that the plaintiff is not entitled to the relief she demands if the alleged oral contract was not made, and defendant was able, willing and ready and offered in good faith to perform the same on his part. Assuming with the defendant, therefore, that specific performance would be granted, if he could establish the oral agreement and his compliance therewith, and plaintiff's refusal to perform, we say that the findings of the court, supported as they are by legal and sufficient evidence, are for plaintiff and cannot be ignored by us on this review. The evidence tends to show and the court evidently intended to, and did, find not only that the alleged oral contract was not performed by the defendant on his part, but that after making of the same, if it was made as the defendant alleges, the contract which he wished to have enforced, by virtue of which he would get a surrender and cancellation of the mortgage notes and trust deed, was

a different contract from the one which he sets up in his pleadings, and proof of neither was made. The court found that the defendant had defaulted in each and all of the covenants of the trust deed, for breach of which the plaintiff was entitled to a foreclosure. The evidence, while conflicting in some respects as to the nature of the oral contract, sustains the findings of the court on all the issues in favor of the plaintiff as against the defendant. Since the court made findings of fact and entered a decree authorizing the foreclosure, and found against the defendant on his cross-complaint, we cannot, under our established rules of practice, interfere with these findings or set aside the decree. It must be and is affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE SHEAFOR concur.