## No. 11,808.

### EBERT, ET AL. *v.* HAWKINS.

Decided April 18, 1927.

Action to set aside alleged fraudulent conveyances. Decree for plaintiff.

### *Affirmed.*

### *On Application for Supersedeas.*

1. FRAUDULENT CONVEYANCES—*Setting Aside.* Conveyances to a wife and daughter in fraud of creditors should be set aside where the fraudulent intent and purpose of grantor was known to or participated in by grantees.

2. APPEAL AND ERROR—*Sufficiency of Evidence.* Fact findings of the trial court supported by legitimate and credible evidence will not be disturbed on review.

*Error to the District Court of Delta County, Hon. Milton R. Welch, Judge.*

Messrs. STOW & STOVER, Mr. H. A. ALPERT, for plaintiffs in error.

Mr. C. H. STEWART, Mr. MORTIMER STONE, for defendant in error.

*En Banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

CORNELIUS J. Ebert, one of the defendants, was indebted to the plaintiff Hawkins in the sum of more than $21,000 and interest, which represented the balance due upon his promissory notes which he gave to Mrs. Hawkins as part of the purchase price of a cattle ranch and water rights which he bought of her. The notes were secured by a mortgage, in the form of a deed of trust, upon the purchased property. Ebert defaulted in the payment of the notes and interest, in payment of taxes, and water assessments on the property, and for these and other breaches of the provisions of his trust deed Mrs. Hawkins brought a foreclosure suit. It was contested by the defendant Ebert upon the ground that after such defaults upon his part he entered into an oral agreement with the plaintiff, which she refused to perform, that possession of the mortgaged property was to be surrendered to the plaintiff, along with certain personal property which he had purchased from her, in consideration of which she was to cancel and discharge the promissory notes and cause to be released the deed of trust securing the same. The trial court found against him and in favor of the plaintiff and entered a decree authorizing the foreclosure. Ebert prosecuted in this court his writ of error thereto, with the result that the decree of the lower court was affirmed. *Ebert v. Fluke,* 78 Colo. 26, 238 Pac. 52. The case was remanded to the district court and the decree of foreclosure was executed and the mortgaged property was sold and bid in at the public sale by the plaintiff for $17,000, and a deficiency judgment in the sum of $9,356.98 was given. Two separate writs of execution were sued out upon the deficiency judgment; one was sent to the sheriff of Larimer county, the other to the sheriff of Delta county, in both of which counties defendant Ebert was supposed to have property. Both

writs were returned nulla bona. Thereupon the action now before us was brought in the district court by Mrs. Hawkins, the judgment creditor, against Mr. Ebert, the judgment debtor, his wife and daughter for the purpose of setting aside a conveyance of real estate made by Ebert to his wife, and an assignment to his daughter of a contract for the purchase of real estate, which instruments Ebert made two days after service of summons upon him in the foreclosure suit. The complaint in apt terms charges that such conveyances and assignments were made by Ebert fraudulently and with the intent, in which the other defendants shared and participated, and of which they well knew, to cheat and defraud the plaintiff and to prevent her from realizing upon her deficiency judgment. On issues of fact joined the trial court made findings of fact upon all the issues in favor of the plaintiff and entered a decree subjecting the fraudulently conveyed property to the payment of the deficiency judgment. The defendants are here with their writ of error.

The plaintiffs in error here, as below, rely on two principal grounds: First, that the judgment debtor Ebert, after he made the conveyances sought to be set aside, retained sufficient property to pay his debts; second, that the conveyances were not fraudulent but were made and given by him to his wife and daughter in pursuance of a plan that he had for some time entertained of making a settlement upon his wife and children of all his property during his lifetime instead, and in lieu, of making a will devising and bequeathing the same to them.

A number of alleged errors have been discussed, such as the burden of proof in such cases, the improper admission by the trial court of testimony by nonexpert and unqualified witnesses as to the value of the mortgaged property at the time the alleged fraudulent transfers were made, and of the value of the reserved personal property. The trial court made specific findings of fact upon all the vital questions involved in this suit and each and all were in favor of the plaintiff. We have examined

carefully the transcript of the record and we find that the evidence is legally sufficient to sustain the findings. The law of the case is clear. If these conveyances were, as the trial court found, fraudulently made for the purpose and with the intent to prevent the plaintiff from realizing on her deficiency judgment, and such fraudulent intent and purpose of the grantor Ebert were known to, or participated in by, the wife and the daughter, the judgment below was right. The court found these issues, as we have said, in favor of the plaintiff. We cannot interfere with its findings, supported as they are by perfectly legitimate and credible evidence. The record presents merely a case where there is more or less conflict in the evidence. We cannot substitute our judgment, as to its weight and sufficiency, for that of the trial court, which was in much better position than we are to determine the credibility of witnesses. The court specifically found that it was the fixed intent of the judgment debtor, which was given effect, to dispose of all of his property, except the mortgaged property itself, and some personal estate consisting of farm machinery, cattle on the range, a small bank balance and some other items of property, all of which disappeared before the trial of this action, or, as the trial court in its findings said: "melted and faded away." The defendant, Mr. Ebert, himself admitted on the stand that he held no property whatever with which to satisfy this judgment. The application for supersedeas is denied and the decree of the district court is affirmed.