No. 12,498.

ROBERTS ET AL. *v.* DIETZ

Decided January 6, 1930.

Mr. Fancher Sarchet, for plaintiffs in error.

Messrs. Stow & Stover, Mr. H. A. Alpert, for defendant in error.

*In Department.*

Mr. Justice Butler delivered the opinion of the court.

This is a suit by Harry Dietz to set aside a trust deed given by Esther E. Roberts to the public trustee to secure the payment of three promissory notes given by Esther and her husband, Charles Roberts; one payable to the order of George Roberts, one payable to the order of Ernest Roberts, and one payable to the order of the Poudre Valley National Bank, which note the bank later endorsed to the Linden Investment Company, "a corporation used for the purpose of taking mortgages and deeds for" the bank. It is alleged that the trust deed was given with intent to hinder and delay Harry Dietz in the collection of his damages, debt and demand, and to defraud him.

On October 16, 1928, Dietz brought an action against Esther E. Roberts for damages sustained by him in an automobile collision. On April 30, 1929, a verdict for $3,625 was rendered in favor of Dietz. On May 1 the trust deed was given. On May 13 the motion for a new trial was overruled, and judgment was rendered. On May 29 this suit was brought.

At the commencement of the trial one of the attorneys for the plaintiff made his statement of the case. The attorney for the defendants then made his opening statement, whereupon a motion was made on behalf of the plaintiff for judgment on the opening statement of the defendants' attorney. Thereupon, as stated by the court, "it is now so stipulated, that the statements of defendants' counsel are a concrete statement of the evidence as far as it goes." The court found that the trust deed was given "not with the purpose of ultimately defeating the judgment, but with the purpose of postponing" its collection; and, relying upon the case of *Hafelfinger v. Perry,* 52 Colo. 444, 121 Pac. 1021, the court held that the trust deed is not binding "as against the execution or the enforcement of the judgment" obtained by Dietz.

1. That the bank was a bona fide creditor of the grantor is beyond question; it is conceded by counsel for Dietz. To justify the setting aside of a conveyance because made to hinder and delay a creditor, it must appear that the hindering and delaying was intended to be produced by the grantor through covin, malice, or for the grantor's own benefit and advantage. *Burr v. Clement,* 9 Colo. 1, 9 Pac. 633; *Coryell v. Olmstead,* 64 Colo. 378, 384, 172 Pac. 14. And it also must appear that the grantee participated in, or had knowledge or notice of, the grantor's intent. *Riethmann v. Godsman,* 23 Colo. 202, 46 Pac. 684; *Burdsall v. Waggoner,* 4 Colo. 256; *Gwillim v. Asher,* 71 Colo. 143, 204 Pac. 609; *Ebert v. Hawkins,* 81 Colo. 365, 255 Pac. 460.

The fact that the grantee knows that giving him preference might, or even would, hinder or delay another

creditor in the collection of his claim is not enough to deprive the grantee of his preference. The same rule applies with reference to a beneficiary in a deed of trust. As was said by Mr. Justice Garrigues, delivering the opinion of the court in *Coryell v. Olmstead,* 64 Colo. 378, at 384: ''We have seen that an insolvent debtor may prefer creditors, and it follows as a necessary consequence, if he prefers one creditor over another, either by assignment, payment, or confession of judgment, that it will hinder and delay other creditors. It would be impossible for an insolvent debtor to prefer one creditor over another without hindering and delaying other creditors, and if that is what is meant by the rule regarding hindering and delaying creditors, any preference would bring about such a result. In *Burr v. Clement, supra,* it is held that the hindering and delaying meant by the law, as vitiating an assignment, is that hindering and delaying intended to be produced by the assignor through covin, malice, or for his own benefit and advantage. This rule applies equally well to a confession of judgment.''

The mere fact that the bank knew that a verdict had been rendered against Esther E. Roberts did not charge the bank with notice that, in giving the trust deed demanded by the bank, she was willing, or even desired, to postpone the collection of the Dietz judgment; much less did it charge the bank with notice that she acted with covin, malice, or for her own benefit. In demanding and receiving the security for the payment of the debt justly due it, the bank acted within its legal rights.

The trial court took the view that, as the grantor intended to postpone the collection of the Dietz judgment, this of itself required the setting aside of the trust deed, regardless of whether the bank had knowledge or notice of such intent. The case upon which the trial court based its ruling is *Hafelfinger v. Perry,* 52 Colo. 444, in which it was held that such intent on the part of a mortgagor was ground for attaching his property. In such case, of course, the intent of the mortgagor is controlling; the in-

tent or knowledge of the mortgagee is unimportant, his rights not being affected by the proceeding. The grantor's property is made subject to attachment because of the grantor's own wrongful act. But where it is sought to deprive a creditor of his security by setting aside a trust deed or mortgage, much more is required, as we have shown.

The judgment against the Linden Investment Company is erroneous.

2. George Roberts and Ernest Roberts are brothers-in-law of Esther E. Roberts, the grantor; therefore, say counsel for the plaintiff, upon them is the burden of proving that the transaction was honest, and that there was no intent to hinder and delay Dietz in the collection of his judgment. That is true, so far as it goes; but the statement of the rule must be understood in connection with what we said above about the character of the grantor's intent, and about the participation, knowledge or notice on the part of one to whom or for whose benefit a conveyance is made. Each of the brothers-in-law has the burden of proving that the grantor had no such intent; or, if she had, that he did not participate therein, or have knowledge or notice thereof; and has the further burden of proving that the transaction was honest.

That they were bona fide creditors is established by the record. We find the following: "The Court: There is the statement in the record that the transfers or encumbrances were made for the purpose of preferring bona fide creditors. Mr. Sarchet: Yes, your Honor, that is the case." This statement was made in the presence of opposing counsel and was not denied by them. As part of his statement, counsel for the defendants said: "Now as I say, if we are under any burden to show good faith in these transfers, or encumbrances, we are [ready to] assume that burden and show our good faith in the matter." But, as we have seen, the court took the view that the case was governed by the decision in *Hafelfinger v. Perry, supra,* and in such case the good or bad faith of

the defendants was not material. As we have seen, not only is that decision not controlling in this case, but the rule there announced has no application here. In deciding this case the trial court applied the wrong principle. Counsel for the defendants George Roberts and Ernest Roberts should have been permitted to make his offer good.

The judgment is reversed, and the cause is remanded, with direction to render judgment for the Linden Investment Company, and for a new trial as to the defendants George Roberts and Ernest Roberts.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE MOORE and MR. JUSTICE BURKE concur.