No. 13,329.

ARMSTRONG *v.* FISCHBACH ET AL.
(32 P. [2d] 828

Decided April 30, 1934.

Mr. ALBERT L. MOSES, for plaintiff in error.

Mr. MERLE M. MARSHALL, Mr. RALPH C. HORTON, for defendants in error.

*In Department.*

MR. JUSTICE BUTLER delivered the opinion of the court.

STELLA M. Armstrong brought suit to set aside a conveyance of real estate by Mrs. Fischbach to Mrs. Strauss,

to have the property adjudged to be the property of the former, and to subject it to the payment of a judgment obtained by the plaintiff against Mrs. Fischbach.

On November 30, 1929, Mrs. Fischbach executed her promissory note for $2,000 and secured it by her deed of trust of certain real property in Alamosa. Mrs. Armstrong became the owner of the note. On April 19, 1932, Mrs. Fischbach deeded her other real property (i. e., the property involved in this suit) to her daughter, Mrs. Strauss. Thereafter the encumbered property was sold by the public trustee pursuant to the terms of the deed of trust referred to above. The property brought less than the amount due, leaving an unpaid balance of $308. Mrs. Armstrong sued for that amount, and on January 7, 1933, obtained judgment against Mrs. Fischbach for $338.80, the amount then due. A transcript thereof was filed with the county clerk and recorder. Thereafter this suit was commenced.

The complaint alleges that the conveyance was for the sole purpose of enabling Mrs. Strauss to obtain a loan, which, if obtained, would be wholly for the benefit of Mrs. Fischbach; "that the only consideration for the making of the deed was the agreement by Mrs. Strauss to maintain and support her mother during the term of her natural life"; that after finding that it would be impossible to obtain the contemplated loan, Mrs. Fischbach and Mrs. Strauss permitted the title to remain in Mrs. Strauss solely in order to hinder, delay and defraud Mrs. Fischbach's creditors, and particularly Mrs. Armstrong, and in order to prevent the collection of the judgment; that Mrs. Fischbach has no other property subject to execution; and that Mrs. Strauss holds only the naked legal title to the property in question. The answer admits that the conveyance was made, but denies fraud.

Mrs. Strauss, called for cross-examination under the statute, testified that she is the daughter of Mrs. Fischbach; that the consideration for the deed was the witness's agreement to take care of her mother as long as

she lives; that she knew at the time that her mother was indebted to Mrs. Armstrong; that the latter was trying to collect the debt, and was pressing Mrs. Fischbach for the payment of taxes and interest; and that the deeded property was all the property her mother owned—"that is all she had in the world."

A. J. West, a bank cashier, who was agent for Mrs. Armstrong, testified that no payments on the note were made after December 30, 1930; that he was endeavoring to collect at least the taxes and interest, which were delinquent two years; that Mrs. Fischbach told him that she had applied for a loan, and that she was deeding the property to her daughter so she could secure the loan through the signatures of her daughter and son-in-law; that if she secured the loan, they were going to pay the back taxes and interest and $500 on the principal. There also was evidence to the effect that the attempt to secure a loan was unsuccessful.

█ At the close of the plaintiff's case, the court sustained a motion for a nonsuit and dismissed the case. This was error. The evidence made out a prima facie case for the plaintiff. Whether we take as true the admission of Mrs. Fischbach that she put the property in her daughter's name so she could secure a loan through the signature of her daughter and son-in-law in order to pay the money on account of the mother's obligation, or the testimony of Mrs. Strauss to the effect that the consideration for the conveyance was her agreement to take care of her mother for the rest of her life, it was improper to nonsuit the plaintiff.

██ The conveyance was from mother to daughter; the burden, therefore, was upon the daughter to establish by clear and satisfactory proof that the transaction was honest and that there was no intent to defraud creditors. *Myers v. Hayden*, 82 Colo. 98, 257 Pac. 351; *Thuringer v. Trafton*, 58 Colo. 250, 144 Pac. 866; *Chalupa v. Preston*, 65 Colo. 400, 177 Pac. 965; *Roberts v. Dietz*, 86 Colo. 595, 284 Pac. 337. In the Thuringer

case we held that where a debtor conveys lands to his wife when he is insolvent or by the transfer is made insolvent, and the conveyance is assailed by a creditor of the husband, the husband and wife have the burden to establish by clear and satisfactory proof that the conveyance was for a valuable consideration, and without intent to hinder, delay or defraud the creditors of the husband. The same rule applies to conveyances by mother to daughter. The daughter's testimony on cross-examination not only failed to meet the test, but made a prima facie case for the plaintiff. In *Fahey v. Fahey,* 43 Colo. 354, 96 Pac. 251, we said: ''A conveyance by an insolvent debtor, of property which is liable to be taken for his debts, based upon a consideration of an agreement on the part of the grantee to maintain and support the grantor during his natural life, is fraudulent and void as to creditors. The fraudulent intention to hinder and delay creditors in their debts follows necessarily as a conclusion of law, wholly regardless of the intention of the parties to the transaaction.'' And see *Regan v. Turner,* 69 Colo. 194, 193 Pac. 557.

The judgment is reversed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE BOUCK concur.