**In re Joseph A. GENOVA, Jr., Trustee, Plaintiff,**

v.

**John Benjamin CHAMPION, Jr., Defendant-Debtor.**

**Adv. No. 83 M 1652.**

United States Bankruptcy Court, D. Colorado.

Oct. 13, 1983.

Joseph A. Genova, Jr., Pueblo, Colo., pro se trustee.

Victor Moss, Pueblo, Colo., for debtor-defendant.

## MINUTES AND ORDER ON COMPLAINT TO SET ASIDE FRAUDULENT TRANSFER AND FOR TURNOVER

JOHN F. McGRATH, Bankruptcy Judge.

This action was brought by the Trustee pursuant to 11 U.S.C. § 544 and C.R.S. 38–10–117 to set aside certain purported fraudulent transfers of real estate from the Debtor to his wife and son. The pertinent provisions provide that a conveyance of real estate made with intent to hinder, delay or defraud creditors shall be void. Testifying at the hearing was Katherine Gibbs, a creditor, who had a claim against the Debtor when the transfers occurred in 1980 and 1981.

The testimony and exhibits established the fact that Katherine Gibbs was a creditor of the Debtor as of August of 1979. She had purchased a home from him and made claim almost immediately upon moving in as to certain deficiencies in the home. Further, the schedules filed by the Debtor in this case were introduced and the schedules showed a debt to Cathey Wholesale Co. incurred on April 14, 1978. Exhibit A contained the documents pertaining to transfers made by the Debtor of four separate parcels of property. A quit claim deed executed in August of 1980 and recorded on December 4, 1980, was a deed from the Debtor to his wife of Lot 48, Block 402, in Belmont 47th Filing. The second conveyance was from the Debtor to his son of an undivided one-half interest in Tract E in the Sproul Rail Industrial Park Filing No. 1 executed on June 19, 1981, and recorded on November 20, 1981. The third conveyance was from the Debtor to his wife executed on May 26, 1981, and recorded on October 2, 1981, a quit claim deed deeding certain property in the N.E. ¼ of the N.E. ¼ Section 14, Township 20 South, Range 65 West of the 6th Principal Meridan. The fourth and final conveyance was from the Debtor to his wife with a quit claim deed executed on May 4, 1981, and recorded on June 2, 1981, conveying Lots 6, 7 and 8 in Block No. 4 of Floral Heights Addition to the City of Wichita Falls, Wichita County, Texas. The first deed has recited on it "N.C." and is initialed by "JBC". The second transfer, which is the transfer to the son, states that no State Documentary stamps are needed. The third deed from the Debtor to his wife does not contain any state documentary fees. The final deed to the Texas property from the Debtor to his wife also contains nothing showing that any consideration was received for the transfer.

At the conclusion of the testimony of the witness and the introduction of exhibits, the Trustee rested. The attorney for the Debtor-Defendant then moved to dismiss. Therefore, the question for the Court is whether or not the Trustee has shown a prima facie case of fraudulent transfer.

The case law in Colorado includes decisions detailing the burden of proof in such cases. Courts have held that a conveyance made with the intent to hinder or delay creditors applies not only to existing creditors at the time of the conveyance but to future creditors as well, see *Fish v. East,* 114 F.2d 177 (1940) at 183. Further, the legal effect is the same whether there be an intent to hinder and delay creditors or in fact to defraud them, *supra.* The Court in *Fish* at 183 states that the trustee has a right to set aside the contract involved in that case as a fraudulent conveyance since the Colorado Statutes do not begin to run against an action to set aside a voluntary conveyance until the creditors' rights have accrued by reducing his claim to final judgment and the return of his execution nulla bona. The Honorable Alfred Arraj in the case of *United States v. Morgan,* 554 F.Supp. 582 (Colo.1982) at 585 had the following to say concerning fraudulent transfers:

> When a taxpayer disposes of his property prior to the time a federal tax lien arises, the United States may sue to have the conveyance set aside as fraudulent under the laws of the state where the property is located. Colorado's fraudulent conveyance statute provides that any

conveyance "made with the intent to hinder, delay or defraud creditors" is void.

A conveyance made with the requisite intent is void as to both present and future creditors. That the transferor did not intend to defraud his creditors will not defeat a suit to void a transfer as fraudulent. If the transferor's intent was merely to hinder or to delay the payment of his creditors, the transfer will be voided. (citations omitted).

■ The cited cases deal with fraudulent transfers to third parties. The Colorado Supreme Court has stated in two leading cases that the burden to show that a conveyance is honest is on the person receiving the conveyance and the person so conveying. The Colorado Supreme Court in the case of *Helm v. Brewster,* 42 Colo. 25, 93 P. 1101 (1908) at 33, 93 P. 1101 stated as follows:

Many decisions of courts of last resort in actions by creditors of a husband to set aside conveyances of property to his wife are reported, with the result that in this class of cases it has been firmly established that when a conveyance by an insolvent debtor to his wife is attacked by a creditor of the former at the time of such conveyance, the husband and wife are required to clearly establish that the transaction was honest, and that there was no intent to thereby hinder and defraud such creditor. (citations omitted).

Further, the Colorado Supreme Court in the case of *Thuringer v. Trafton,* 58 Colo. 250, 144 P. 866 (1914) at 253, 144 P. 866 stated as follows:

In our state husband and wife may each own property just as separate and distinct from the other, as they could if not married, may conduct business transactions concerning it, and make conveyances, one to the other, the same as if dealing with third persons. But the relationship between them is so intimate and confidential that when a debtor conveys property to his wife when he is insolvent, or if the transfer will render him insolvent, or prevent creditors from collecting their claims, and the conveyance is impeached or attacked by creditors, then the husband and wife are obliged to establish on the trial by clear and satisfactory evidence, the honesty of the transaction; that it was made in good faith for a valuable consideration and without intent to hinder, delay or defraud creditors. If they fail to do this, the conveyance will be set aside. (citations omitted).

It is clear therefore that the burden of proof to show that the conveyance is honest and made in good faith for valuable consideration and without intent to hinder, delay or defraud creditors is on the transferee and transferor.

■ However, an element to be shown is whether or not the transferor was insolvent or would be rendered insolvent by the transfer. The question is, who has the burden of proof on that issue? The Colorado Supreme Court held in the case of *Myers v. Hayden,* 82 Colo. 98, 257 P. 351 (1927) that the burden of showing solvency was on the transferee or transferor. It was not the burden of the objecting creditor. The Court at 107, 257 P. 351 had the following to say:

Thus the burden of proving Hayden's insolvency was imposed upon Myers, whereas the *law casts upon Esther the burden of proving that Hayden was solvent; that is to say, that the transfer of the St. Paul street property did not render him insolvent.* The evidence on this branch of the case consisted of documents, and of the testimony of Esther and of Hayden; there was substantially no conflict in the evidence. The evidence is wholly insufficient to support the judgment. (emphasis supplied).

In fact, in the case of *Armstrong v. Fischbach, et al.,* 95 Colo. 64, 32 P.2d 828 (1934) the plaintiff sued to set aside a conveyance from Mrs. Fischbach to Mrs. Strauss. On April 19, 1932, Mrs. Fischbach deeded realty to her daughter, Mrs. Strauss. On January 7, 1933, the plaintiff secured a judgment against Mrs. Fischbach and filed a transcript of same. The only testimony introduced by the plaintiff basically consisted of the plaintiff calling Mrs. Strauss for

cross examination wherein she testified that she was the daughter of Mrs. Fischbach, that she knew of the indebtedness of Mrs. Fischbach to the plaintiff and that the consideration for the transfer was her caring for her mother as long as she lived. At the conclusion of the testimony, the lower court sustained a motion to dismiss and the Supreme Court of Colorado reversed. The Court at 66, 32 P.2d 828 had the following to say:

> The conveyance was from mother to daughter; the burden, therefore, was upon the daughter to establish by clear and satisfactory proof that the transaction was honest and that there was no intent to defraud creditors. In the Thuringer case we held that where a debtor conveys lands to his wife when he is insolvent or by the transfer is made insolvent, and the conveyance is assailed by a creditor of the husband, the husband and wife have the burden to establish by clear and satisfactory proof that the conveyance was for a valuable consideration, and without intent to hinder, delay or defraud the creditors of the husband. The same rule applies to conveyances by mother to daughter. The daughter's testimony on cross-examination not only failed to meet the test, but made a prima facie case for the plaintiff. (citations omitted).

■ From the citations, the law appears clear that once the trustee shows a family transfer that the burden of proof shifts to the transferee and transferor to show that the transfer was honest and that there was no intent to defraud. The cases also establish the principle that the burden of proof of solvency is upon the debtor and the transferees and not upon the trustee.

At the conclusion of the trustee's case, a Motion to Dismiss was made herein and the Court felt at the time that the Motion was well taken. However, it did state of record that it wished to check out the law in Colorado and has now done so and now feels that the trustee has made out a prima facie case. The argument by the attorney for the debtor at the conclusion of the evidence was based on a lack of the trustee's sustaining his burden of proof, especially as regards the element of insolvency. However, the debtor and the transferees have the burden of proof of solvency and the trustee does not have the burden of proof of insolvency.

■ However, there are other grounds upon which the Motion to Dismiss must be granted. In no case that this Court is familiar with, can the action be brought against the transferor only. The transferees are parties in interest and indeed are the then title holders and must be named as party defendants in such an action to set aside fraudulent transfers. The proper parties therefore not being named as party defendants, the Motion to Dismiss must be granted.

WHEREFORE, IT IS ORDERED that the Debtor-Defendant's Motion to Dismiss be and the same is hereby granted based upon the non-joinder of necessary parties; and it is

FURTHER ORDERED that the Plaintiff-Trustee is granted 20 days from this date to file an Amended Complaint naming as necessary parties defendant, the transferees of the property of the debtor; and it is

FURTHER ORDERED that the Court shall then issue an alias summons containing a time to answer and a date for trial.