Ronald J. ERJAVEC, Plaintiff–Appellee,

v.

Raymond J. HERRICK and Martha L. Herrick, Defendants–Appellants.

No. 90CA2057.

Colorado Court of Appeals,
Div. I.

Feb. 27, 1992.

Smith & Billups, Kenneth R. Billups, Pueblo, for plaintiff-appellee.

Sherman & Howard, Joseph J. Bronesky, Murray I. Weiner, Denver, for defendants-appellants.

Opinion by Judge TURSI.

In this action commenced by plaintiff, Ronald J. Erjavec, to set aside four alleged fraudulent conveyances, defendants, Raymond J. and Martha L. Herrick (husband and wife), appeal the "summary" judgment entered setting aside two of the conveyances. We affirm.

The parties withdrew a jury request and submitted the case for resolution on their cross-motion supporting affidavits, and agreement. Further, the parties agree that all of the material facts were before the trial court either by stipulation or affidavits.

In 1981, wife loaned husband unsecured funds in the amount of $40,000. In 1985, husband executed a promissory note in her favor for that amount. No principal or interest payments were made on the note.

In May of 1989, a civil action which Erjavec commenced against husband proceeded to trial. During the week of trial, husband told wife that he expected Erjavec to prevail. Wife became concerned about the unsecured status of her loan, and husband became concerned about his ability to pay wife in the event Erjavec prevailed on his claim at trial. Wife, anticipating that judgment would be entered against husband, demanded that husband secure the debt with collateral.

While wife stated in her affidavit that she desired to protect her pre-existing loan through the conveyances, she admitted that she was motivated to proceed with the transfers based on her concern that judgment would enter against husband. Husband also professed the intent to protect wife's loan by securing it, but conceded that the anticipated adverse judgment and corresponding inability to pay wife motivated him to transfer property to protect wife's position. Both denied conveying the properties with the intent to defraud, delay, or hinder Erjavec's recovery against husband.

Erjavec recovered a judgment against husband on May 12. That same day, husband pledged the interest he owned in bank stock as security for his indebtedness to wife. Three days later, husband assigned his interest in a promissory note and deed of trust to wife as additional collateral to secure the loan. The record establishes that the value of the collateral did not exceed the amount of the indebtedness and that husband's estate was depleted by the contested transfers.

Erjavec commenced this action in his capacity as husband's judgment creditor to set aside the conveyances as fraudulent. After engaging in discovery, both parties submitted cross-motions for summary judgment in which they asserted that all relevant facts are undisputed.

In his motion for summary judgment, Erjavec requested the trial court to declare the four conveyances void as a matter of law. Husband and wife submitted a cross-motion in which they requested the court to dismiss Erjavec's claims and validate the transactions. Erjavec prevailed on his motion with respect to the transactions which are the subject of this appeal, while the trial court granted husband and wife's motion regarding the other two conveyances.

In its findings and conclusions, the trial court concluded that an antecedent debt may constitute sufficient consideration to validate conveyances. However, it held that because husband transferred property to wife in anticipation of an unfavorable outcome in pending litigation, the convey-

ances were invalid, despite wife's antecedent debt. The two conveyances were thus held to be void under § 38–10–117, C.R.S. (1982 Repl.Vol. 16A), which invalidates any transfer made with intent to hinder, delay, or defraud creditors.

Husband and wife now contend that the trial court erred as a matter of law when it ruled the conveyances which secured wife's bona fide antecedent debt to be void. We disagree.

■ Although wife established herself as a bona fide creditor whom husband had a right to prefer under circumstances sufficiently evidencing their honest intent, the record supports the trial court's finding that defendants acted with the intent to hinder, delay, or defraud.

■ The decisions interpreting § 38–10–117 hold that married parties may stand in the relationship of debtor and creditor. *Love v. Olson,* 645 P.2d 861 (Colo.App. 1982). However, when transactions between spouses are challenged under the statute, husband and wife bear the burden of establishing that the conveyance was honest, made in good faith for a valuable consideration, and without intent to hinder and defraud creditors in the collection of their judgment. *Helm v. Brewster,* 42 Colo. 25, 93 P. 1101 (1908); *see First National Bank v. Kavanaugh,* 7 Colo.App. 160, 43 P. 217 (1895).

■ A bona fide transaction which is supported by adequate consideration and predicated upon a spouse's pre-existing debt is valid if husband and wife satisfy this burden. *Thuringer v. Trafton,* 58 Colo. 250, 144 P. 866 (1914); *Helm v. Brewster, supra.*

■ Moreover, a good-faith conveyance between family members based upon a pre-existing debt may permissibly operate as a preference of a relative's loan even though it results in delay or hindrance to other creditors. *See Genova v. Triangle Truck Service, Inc.,* 40 B.R. 513 (D.Colo.1984).

■ However, to prove that the conveyance was not effected with intent to hinder or delay, the transferee in this situation must establish that the transaction was honest and that the transferor did not intentionally hinder or delay other creditors by acting with covin, malice, or for his own benefit or advantage. If the transferor did act with such intent, the transferee must prove that he or she did not participate therein, or have notice or knowledge thereof. *Helm v. Brewster, supra.*

If this burden is not satisfied, the transferee may not retain the benefit of the conveyance, *Roberts v. Dietz*, 86 Colo. 595, 284 P. 337 (1930), even if it is supported by full consideration. *Helm v. Brewster, supra; Genova v. Champion*, 33 B.R. 930 (D.Colo.1983).

Therefore, the trial court here was obligated to determine whether husband and wife met their burden of proving that they lacked the intent to delay, hinder, or defraud. This becomes a question of fact which is to be resolved by consideration of the facts and circumstances of each case. Section 38–10–120, C.R.S. (1982 Repl.Vol. 16A); *Love v. Olson, supra; accord Helm v. Brewster, supra.*

■ Indicia of contrary intent may be found in numerous suspicious circumstances which, when considered with other circumstances, may be conclusive of fraud. Such indicia of fraud include, but are not limited to, situations in which the parties are related, the conveyance occurs while litigation is anticipated or pending, it renders the debtor insolvent, or it is conducted in secrecy or haste. *See* 1 G. Glenn, *Fraudulent Conveyances* §§ 296 & 300 (rev. ed. 1940). Here, the property, even when titled in wife's name, was used for defendant's mutual benefit and after the transfer husband still retained access and spousal rights in it.

Procedurally, husband and wife do not contend that the trial court erred because the judgment entered was in the form of a summary judgment. Rather, they argue that the matter be remanded for entry of judgment in their favor on all claims. Therefore, we conclude that the question of intent was properly postured for determination by the trial court.

Having so concluded, the issue becomes whether there exists support for the trial court's findings and conclusions. The judgment will not be disturbed if such support exists. *People in Interest of A.J.*, 757 P.2d 1165 (Colo.App.1988).

Here, husband and wife's admitted intention to transfer property in anticipation of an adverse outcome in litigation in favor of another creditor, viewed together with defendants' spousal relationship and the resulting depletion of husband's estate, constitutes sufficient evidence to support the inference and conclusion that husband and wife possessed fraudulent intent to hinder or delay Erjavec by acting in concert to put the transferred property out of his reach. *See Roberts v. Dietz*, 88 Colo. 594, 298 P. 1062 (1931).

Contrary to defendants' contention, this conclusion is not precluded by the holding in *Genova v. Triangle Truck Service, Inc., supra.* There, the trial court upheld a family conveyance based upon adequate consideration and a pre-existing debt because the commencement of litigation over a year after the transfer did not evidence fraudulent intent.

Moreover, *Coryell v. Olmsted*, 64 Colo. 378, 172 P. 14 (1918) does not compel a contrary result since the parties in that case were not related and, therefore, were subject to a less stringent burden of proof. Likewise, the rule of *Rouse v. Rouse*, 174 N.W.2d 660 (Iowa 1970) is distinguishable inasmuch as it does not require the related transferee to prove her lack of participation in the fraud.

Accordingly, because the evidence supports the trial court's conclusion that husband and wife acted with the necessary intent to hinder, delay, or defraud, the judgment is affirmed.

REED and VAN CISE *, JJ., concur.