**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 12 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

In re:

HERBERT A. DELAP,

       Debtor.

DAVID E. LEWIS, trustee,

       Plaintiff-Appellee,

v.

VIRGINIA N. DELAP,

       Defendant-Appellant.

No. 96-1327
(D.C. No. 95-M-413)
(D. Colo.)

---

ORDER AND JUDGMENT[*]

---

Before ANDERSON, LOGAN, and EBEL, Circuit Judges.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Trustee David E. Lewis (trustee) commenced an adversary proceeding in the bankruptcy case of debtor Herbert A. Delap under 11 U.S.C. § 544(a) and (b) and Colo. Rev. Stat. § 38-10-117, to avoid a transfer by him of his interest in the family residence to his wife, defendant Virginia A. Delap. When Mrs. Delap demanded a jury trial, the district court withdrew reference of the matter from the bankruptcy court. The district court granted the trustee's motion for summary judgment, voided the transfer as fraudulent, and remanded the case to the bankruptcy court for further proceedings. Mrs. Delap has appealed, arguing there are issues of material fact whether the trustee had standing to proceed with this case under § 544 and whether she and her husband made a sufficient showing that the transfer was not made with fraudulent intent. We affirm.

The following facts are undisputed. Mr. Delap was a partner in a law firm. He and his three law partners formed another partnership, Brind Investments, to purchase an historic mansion for their law offices. Security Savings & Loan held a note secured by the mansion, and the partners individually guaranteed the

mortgage.  The law firm ceased doing business in 1988, but the Brind Investments partnership continued.

On December 8, 1989, Mr. Delap quit claimed his joint tenancy interest in their home to his wife.  The transfer was made without any consideration.  At that time, Mrs. Delap had multiple sclerosis.  According to the couple, the transfer was a compassionate act, made due to her health to provide for her financial security.  Mrs. Delap recorded the transfer on December 27, 1989.  They both continued to live in the home.

On December 23, 1992, Mr. Delap filed a Chapter 7 bankruptcy petition.  The trustee proceeded against Mrs. Delap to avoid the conveyance of the home.  Stating that the trustee asserted rights as a hypothetical lien creditor, the district court determined that the compassionate transfer placed assets beyond the reach of creditors.  The district court concluded that the circumstances surrounding the transfer indicated a fraudulent intent.

I

We first address whether we have jurisdiction to consider this appeal.  After the district court granted summary judgment, it remanded the case to the bankruptcy court for further proceedings.  Despite the remand, Mrs. Delap prematurely appealed from the district court's order.  During the pendency of this appeal, however, the bankruptcy court concluded its proceedings.  Because a final

order has been entered by the bankruptcy court, we have jurisdiction. See

Interwest Bus. Equip., Inc. v. United States Trustee (In re Interwest Bus. Equip.,

Inc.), 23 F.3d 311, 314-15 (10th Cir. 1994); see also Lewis v. B.F. Goodrich Co.,

850 F.2d 641, 645 (10th Cir. 1988) (holding when trial court adjudicates all

outstanding claims before appeal is decided, appeal is considered on merits, rather

than dismissed for lack of jurisdiction). We deny the trustee's motion to dismiss

the appeal for lack of jurisdiction.

## II

"We review the grant or denial of summary judgment de novo,
applying the same legal standard used by the district court pursuant
to Fed. R. Civ. P. 56(c). Summary judgment is appropriate if the
pleadings, depositions, answers to interrogatories, and admissions on
file, together with the affidavits, if any, show that there is no genuine
issue as to any material fact and that the moving party is entitled to
judgment as a matter of law. When applying this standard, we
examine the factual record and reasonable inferences therefrom in
the light most favorable to the party opposing summary judgment.
. . .

While the movant bears the burden of showing the absence of a
genuine issue of material fact, the movant need not negate the
non-movant's claim. . . . If the movant carries this initial burden, the
non-movant may not rest upon [her] pleadings, but must set forth
specific facts showing a genuine issue for trial as to those dispositive
matters for which [she] carries the burden of proof. An issue of
material fact is genuine if a reasonable jury could return a verdict for
the non-movant."

Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996) (quoting Wolf v. Prudential

Ins. Co. of Am., 50 F.3d 793, 796 (10th Cir. 1995)). Substantive law determines

-4-

which facts are material.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

A

Mrs. Delap argues that the district court erred in failing to address whether the trustee had standing to bring this action pursuant to 11 U.S.C. § 544(a) and (b).  Although the district court did not discuss standing in its order granting summary judgment, it stated that the trustee was asserting rights as a hypothetical lien creditor under § 544(a).  Under § 544(a), the trustee has standing to assert the rights of hypothetical lien creditors on the date the bankruptcy petition was filed to bring state law claims to recover property for the estate.  See Virginia Beach Fed. Sav. & Loan Ass'n v. Wood, 901 F.2d 849, 852 (10th Cir. 1990).

Mrs. Delap contends that the statute of limitations bars the trustee's claim under § 544(a) because the transfer was made three years before Mr. Delap's bankruptcy.  The parties agree that the relevant statute of limitations is three years.  See Colo. Rev. Stat. § 13-80-101(1)(c) (1987).  A cause of action for fraudulent transfer claims under § 38-10-117 must be filed within three years after the aggrieved party discovers the facts or should have discovered the facts by an exercise of reasonable diligence.  See id. § 13-80-108(3) (1987); see also Larsen v. Munoz (In re Munoz), 111 B.R. 928, 932 (D. Colo. 1990) (noting action accrues on date fraud is discovered or should have been discovered by exercise of

reasonable diligence). If the state statute of limitations has not run at the time the bankruptcy was filed the trustee has two additional years to bring an avoidance action. See 11 U.S.C. § 546; Rosania v. Haligas (In re Dry Wall Supply, Inc.), 111 B.R. 933, 935-37 (D. Colo. 1990).

Colorado law makes it clear that neither a transfer of property nor a recording of a deed provides notice to creditors for statute of limitations purposes in Colorado fraudulent conveyance cases. See Greco v. Pullara, 444 P.2d 383, 384 (Colo. 1968) (holding record of deed of trust or other instrument is notice only to those persons claiming under same chain of title who are bound to search for it, such as judgment creditors); see also Fish v. East, 114 F.2d 177, 183 (10th Cir. 1940) (same). "[T]he statute of limitations runs from the time that the general creditor receives actual notice, or absent such actual notice, from the time when the duty to investigate the assets of the debtor arises; that is, when judgment enters." Hill v. Walden (In re Walden), 207 B.R. 1, 5 (D. Colo. 1997). Thus, the limitations period in Colorado for the avoidance action would appear to commence on the date the bankruptcy petition was filed. The trustee's avoidance action was commenced within two years thereafter.

But even if we were to look to the time lapse before the bankruptcy was filed, the bankruptcy was filed less than three years after the recording of the deed in the conveyance at issue here, which seems the earliest possible date

anyone could be held to have discovered the existence of the transfer. We conclude the statute of limitations did not bar this action, and the trustee had standing to assert claims under § 544(a).

B

On the merits, Mrs. Delap argues that there are material facts precluding summary judgment on the trustee's claim under § 38-10-117.[1] Section 38-10-117 allows creditors to void transfers of property made with "the intent to hinder, delay, or defraud creditors . . . ." A conveyance made with the requisite intent is void as to both present and future creditors. See Fish, 114 F.2d at 182-83. Fraud may be inferred from the facts and circumstances. See East Plains Dev. Corp. v. King (In re Faires), 123 B.R. 397, 402 (Bankr. D. Colo. 1991). When a transfer from a husband to a wife is challenged under the statute and the transfer was made when the husband was insolvent or rendered insolvent by the transfer, they have the burden to show that the transaction was honest, made in good faith for valuable consideration, and without intent to hinder or defraud creditors. See Thuringer v. Trafton, 144 P. 866, 868 (Colo. 1914); Helm v. Brewster, 93 P. 1101, 1104 (Colo. 1908); Harvey v. Harvey, 841 P.2d 375, 377 (Colo. Ct. App.

---

[1] On July 1, 1991, the Colorado Uniform Fraudulent Transfer Act, Colo. Rev. Stat. § 38-8-101 through 112, was adopted. See Sands v. New Age Family Partnership, Ltd., 897 P.2d 917, 919 (Colo. Ct. App. 1995). Because the transfer at issue occurred before the effective date of the Act, § 38-10-117 applies here. See id. at 920; see also Colo. Rev. Stat. § 38-10-117(2) (1996 Cum. Supp.).

1992); Erjavec v. Herrick, 827 P.2d 615, 617 (Colo. Ct. App. 1992). The husband, as transferor, must show that he did not "intentionally hinder or delay . . . creditors by acting with covin, malice, or for his own benefit or advantage." Erjavec, 827 P.2d at 618.

Mrs. Delap challenges the district court's determination that the only way to rebut the presumption of intent to hinder, delay, or defraud creditors is to prove that Mr. Delap was solvent at the time of the transfer of the home and remained so as a result of the transfer. Rather, she suggests that because Mr. Delap made the transfer for compassionate purposes, to financially protect her for health reasons, they rebutted the presumption. There is no Colorado case law addressing a transfer as a compassionate act. Although Mr. Delap may have intended to perform a compassionate act, that does not preclude him from also having the intent to hinder, delay, or defraud creditors. A successful transfer of the home would make it unavailable to meet his creditors' claims, yet he retained the benefit of staying in the home and provided some financial security to his wife. Cf. Erjavec, 827 P.2d at 618 (even though property was titled in wife's name, it was used for husband and wife's mutual benefit and husband still retained access and spousal rights in it). Thus, Mrs. Delap must prove Mr. Delap's solvency to rebut the presumption. See Harvey, 841 P.2d at 377.

Mrs. Delap argues that there are disputed material facts regarding Mr. Delap's solvency at the time of and after the transfer. She relies on Mr. Delap's testimony that he was not being chased by creditors, that they paid their debts for the three years following the transfer, and that Mr. Delap's contingent obligation to Security Savings or the Brind Investments partners was not ascertainable at the time of the transfer. None of this, nor his accountant's affidavit that Mr. Delap's obligation on the note was not ascertainable, establishes that Mr. Delap was solvent in 1989, even if that were all of the evidence. See Elsken v. Network Multi-Family Sec. Corp., 49 F.3d 1470, 1476 (10th Cir. 1995) (unsupported conclusory allegations do not create an issue of fact). Other evidence indicated that Mr. Delap's earned income was only $12,000 in 1989,[2] the note on the mansion was in arrears, and, according to the Brind Investments partners, the debt on the mansion exceeded its value by approximately $500,000. We agree with the district court that the Delaps have not established a disputed issue of material fact sufficient to carry their burden of showing Mr. Delap's solvency at the time of the transfer in December 1989. See Genova v. Champion, 33 B.R. 930, 932, 933 (Bankr. D. Colo. 1983).

---

[2]     The couple's joint federal income tax return for 1989 showed an adjusted gross income of $40,282, with the largest item $30,000 from a pension or annuity. Appellant's App. 42.

The district court properly concluded, from all the facts and circumstances, that the purpose of the transfer of the residence was to hinder and delay creditors and, therefore, was void. Cf. Harvey, 841 P.2d at 377-78 (holding facts created strong circumstantial evidence of intent to hinder, delay, or defraud, and no evidence submitted by husband and wife to refute inference created by facts); Love v. Olson, 645 P.2d 861, 864 (Colo. Ct. App. 1982) (holding where there was conveyance by insolvent husband to wife, husband obtained benefit of property and there was no consideration for the conveyance, facts supported trial court's finding husband intended to delay, hinder or defraud creditors).

AFFIRMED.

Entered for the Court

James K. Logan
Circuit Judge