# No. 9478.

## SCHOLTZ v. HAZARD.

1. JUDGMENT—*Presumptions.* An order of the County Court reciting that a claim presented against an intestate estate was "a certified copy of a judgment heretofore entered against said deceased", must be taken as true, and shows compliance with the statute.

2. APPEAL—*County to District Court.* An appeal lies to the District Court from an order of the County Court setting aside the previous allowance of a claim against a decedent's estate.

3. NOTICE—*Evidence.* The papers and files of a cause determined in the District Court on appeal were returned to the County Court five days before the estate was declared insolvent and closed. Held that one with whom the executors and heirs had stipulated for such declaration of insolvency, etc., was in no position to allege ignorance of the judgment of the District Court.

4. LIMITATIONS—*Judgment.* Plaintiff obtained judgment in 1894 against one afterwards deceased. The allowance thereof against the estate in 1911 was a new judgment, to which the twenty-year limitation (Rev. Stat., sec. 7211) was no plea.

A claim filed against a decedent's estate within eight months after the granting of letters of administration, is within the time limited by the statute of non-claim.

5. EQUITY—*Laches.* A delay of six months in the institution of an action to unravel the fraudulent closing of a decedent's estate, was held, under the circumstances of the case, not laches.

6. ADMINISTRATOR—*Duty and Liabilities.* An administrator is trustee for all the creditors of the estate and·it is his duty if possible, to redeem the estate from hostile holdings or sell it for an amount which will pay every creditor, in whole or in part.

An administrator who, for his own gain, assumes a position in hostility to a creditor, and ararnges that his own claims as heir at law shall take precedence of the claim· of the creditor commits a fraud.

7. PARTY TO FRAUD—*To Liability.* One who enters into a contract with an administrator by which the administrator is disabled from performing his duty to a creditor of the estate will not be heard to say what the administrator might have or might not have done, but for his unlawful conduct.

8. PRACTICE IN ERROR—*Judgment.* Defendant had entered into a fraudulent scheme with the administrator of an intestate estate, the effect of which was to exclude the claim of the plaintiff against said estate. Valuable premises pertaining to the estate had been sold to satisfy a mortgage, and defendant purchased the certificate of purchase. Judgment for defendant was reversed with directions to the court below to enter judgment for the plaintiff, declaring his judgment to be a lien on the premises in question as of the date of the sheriff's deed, but subject to the amount of the certificate of purchase, without interest.

*Error to the Denver District Court, Hon. J. L. Cooper, Judge.*

Mr. T. J. O'DONNELL, Mr. CANTON O'DONNELL, Mr. G. W. MUSSER, for plaintiff in error.

Messrs. BENEDICT & PHELPS, for defendant in error.

*Department One.*

Mr. Justice Burke delivered the opinion of the court.

ELIZA (SKELTON) SWIFT was the administratrix of the estate of her mother, Catherine W. Skelton, deceased, against which estate plaintiff in error held a claim of $901.46, based upon a judgment against deceased. The property of the estate consisted of lands and water rights. These had been sold at sheriff's sale, under a mortgage foreclosure, to satisfy a debt of approximately $34,000. Boyington Skelton was the brother and confidential adviser of the administratrix. Other heirs employed a real estate broker to find a purchaser for the property, in order that the debts might thereby be paid, and something saved for the heirs. This broker obtained an option on the sheriff's certificate of purchase, and in the further discharge of his duties under that employment opened negotiations with defendant in error, who was on intimate terms with Boyington Skelton, and was a creditor of the administratrix to the extent of some $2,500, secured by a mortgage on her home. Defendant was fully cognizant of the relation existing between the administratrix and Boyington Skelton. A sheriff's deed was due under the certificate of sale on August 25, 1914. August 7, 1914, defendant in error entered into a contract with Boyington Skelton by which he agreed to pay Skelton $4,000, in consideration whereof Skelton agreed *inter alia,* to convey to defendant the property in question, and procure a similar conveyance thereto from the administratrix; to assign a claim which he held against the estate; to protect defendant against the redemption of the property by his own creditors or those of the estate; to assist de-

fendant in obtaining possession of the premises after the execution of the sheriff's deed; and immediately thereafter to have the estate declared insolvent and the administratrix discharged. All these things being conditions precedent to the payment of the said sum of $4,000. On the said 25th day of August sheriff's deed was issued to defendant and the conditions to be performed by Skelton under the terms of this contract were carried out. On March 8, 1915, the estate was declared insolvent on the petition of the administratrix and she was discharged. Plaintiff's claim was not paid. A week later defendant paid Skelton the $4,000 mentioned in the contract, crediting the administratrix with $800 on her note as a part of that payment. September 25, 1915, plaintiff in error filed his complaint in the district court setting up these and other facts, alleging that defendant, having made certain secret settlements, induced the administratrix and other heirs to refrain from redeeming from the sheriff's sale, in order that he might obtain the property at less than its actual value and defeat the judgment, and praying that his claim be decreed a lien upon the property. The answer denied defendant's knowledge of plaintiff's judgment; denied any arrangement with the administratrix for a quit claim of her interest in the estate; denied that the property was worth the amount of plaintiff's claim in excess of the sum brought at the execution sale; denied that he induced the administratrix or any of the other heirs to refrain from redeeming the said property, or paid them any consideration for so doing, or that he obtained the property for less than its real value; denied the making of secret settlements; and pleaded affirmatively the 20-year statute of limitations, Sec. 3609, R. S., 1908, as well as the bar of paragraph 4, Sec. 7206, R. S. 1908, which provides for the filing of claims against estates within one year from the granting of letters. The new matter in the answer was denied by replication. An amendment to the answer was filed alleging that the allowance of defendant's claim by the county court had been set aside by that court on April 29, 1914. A replication to the amendment denied

the jurisdiction of the County Court to make said order, an appeal therefrom to the District Court, and the reversal therein of said order of April 29. Trial was had in the District Court and on September 28, 1917, judgment was entered therein against the plaintiff, and such further proceedings thereafter had that the cause is now regularly before us for review on error.

Burke, J., after stating the case as above.

The parties plaintiff and defendant here were plaintiff and defendant in the court below and will be hereinafter so designated.

If, as defendant contends, plaintiff has no standing here, this writ should be dismissed and the judgment affirmed, irrespective of the facts set up in the complaint. Hence we will first consider the principal reasons urged why such action should be taken. They are: That the complaint sets up no equities in plaintiff: That the exhibition of plaintiff's claim in the County Court was not accompanied by "an exemplification of a record whereon such claim was founded" as provided by statute: That the order of the court setting aside its former order allowing the claim was not a final judgment, hence not appealable: That the judgment of the District Court re-instating the claim was not brought to the attention of the County Court: The bar of the twenty-year statute of limitations requiring the issuance of execution on a judgment within twenty years from the entry thereof: The bar of the non-claims statute requiring the filing of such a claim within one year from the granting of letters of administration: And laches.

1. The plea of the contract between Boyington Skelton and defendant, the relation of the administratrix thereto, and the fulfillment of the terms thereof, was, for the reasons hereinafter set forth, a sufficient allegation of equities in the plaintiff.

2. The order of the County Court dated April 15, 1911, allowing the Scholtz claim recites that said claim was "a certified copy of a judgment heretofore entered against said deceased." That finding must be taken as true and

shows a sufficient compliance with the statute concerning the method of exhibiting such claim.

3. The order of the County Court, by which its judgment allowing plaintiff's claim was set aside and held for naught, was a final judgment as to that claim, and so far as the County Court was concerned plaintiff had no further recourse. It was hence appealable. *Balfe v. Rumsey et al*, 55 Colo. 97, 104, 133 Pac. 417, Ann. Cas. 1914C, 692.

4. The hearing in the District Court was on written stipulation. The papers and files were returned to the County Court five days before the estate was declared insolvent and closed under the Hazard contract, hence defendant is in no position to claim lack of notice of that judgment.

5. Plaintiff's original judgment was obtanied in 1894, and his claim based thereon was allowed in 1911. It thereupon became a new judgment against the estate and the plea of the 20-year statute is not good. R. S. 1908, Sec. 7211.

6. Plaintiff's claim was filed against the estate eight months after the granting of letters of administration, hence within the time limited by the non-claims statute.

7. This is an action against defendant, not against the Skelton heirs. The question here is not when the cause of action arose as against the deceased, but when it arose as against defendant. That date was approximately · six months prior to the filing of the complaint. Under the circumstances of this case such a delay does not constitute laches.

There remains to be considered the principal contention of plaintiff: That the administratrix, at the instigation of defendant, put herself in a position so inconsistent as to be intolerable in equity, and that defendant can retain no advantage he may have secured thereby.

An administrator is a trustee of whom the utmost good faith is required. *James et al v. Kelley et al*, 107 Ga. 446, 33 S. E. 425, 73 Am. St. Rep. 135. He is particularly the representative of the creditors, holding the estate as a trust fund for the payment of debts. 11 R. C. L., p. 25. The law esteems it a fraud in such a trustee to take, for his own

benefit, a position in which his interest will conflict with his duty. *Sheldon v. Estate of Rice,* 30 Mich. 296, 301, 18 Am. Rep. 136. The administratrix was a trustee for the plaintiff. As such it was her duty, if possible, to redeem the property from the claim of defendant, or sell it for such an amount over and above that claim as would pay the judgment of plaintiff, or some portion thereof, although as an heir she obtained nothing thereby. By the terms of the contract between Boyington Skelton and defendant, with which terms the administratrix scrupulously complied and which contract must therefore be held to be her contract, she took a position for her own benefit (in the sum of $800) which conflicted with her duty to see that plaintiff's claim as a creditor took precedence of her own claim as an heir. This conduct on the part of administratrix the law esteems as a fraud. Defendant, who was a party to that contract, can take no advantage under it against one who might have been injured thereby. Whether the dministratrix could in fact have made any arrangements by which redemption from the Hazard judgment would have been possible is immaterial. Defendant having tied her hands will not now be heard to say what she could or could not have done but for his conduct.

The judgment is accordingly reversed with directions to the trial court to enter judgment herein for plaintiff decreeing his claim to be a lien on the premises in question as of the date of the sheriff's deed, subject to the amount of the certificate of purchase. No interest will be figured on the certificate of purchase subsequent to the date of the deed; the presumption being that that amount is offset by defendant's possession of the premises, which presumption defendant, by reason of his own wrongful acts, cannot be heard to deny.

Garrigues, C. J., and Teller, J., concur.