No. 11,266.

FIRST NATIONAL BANK OF LODGEPOLE *v*. ROPER, ET AL.

Decided June 29, 1925.

Action to set aside alleged fraudulent conveyance. Judgment for defendants.

*Reversed.*

*On Application for Supersedeas.*

1. FRAUDULENT CONVEYANCE—*Burden of Proof.* In an action by creditor to set aside a conveyance as fraudulent, the grantee being the sister-in-law of the grantor, the burden was upon the latter to establish clearly that the transaction was honest, and that there was no intent to hinder and defraud the creditor.

2. *Evidence.* In an action by creditor to set aside a conveyance as fraudulent, evidence of a loan by grantee to grantor, while admissible on the issue of consideration, held insufficient because not connected with the consideration expressed in the conveyance involved in the suit.

*Error to the District Court of Logan County, Hon. L. C. Stephenson, Judge.*

(1)

Messrs. COEN & SAUTER, for plaintiff in error.

Mr. NORRIS C. BAKKE, for defendants in error.

*Department Two.*

MR. CHIEF JUSTICE ALLEN delivered the opinion of the court.

THIS is an action by a judgment creditor against A. L. Roper, the judgment debtor, Ida M. Roper, and Ella M. Browning, to set aside a deed given by A. L. Roper to defendant Browning, conveying a quarter section of land. It is alleged in the complaint that the deed was made for the purpose of hindering and delaying plaintiff in the collection of his judgment debt, and without any consideration.

The amended answer denied fraud and pleaded consideration for the deed. Upon trial to the court, without a jury, the issues were found in favor of defendants and judgment was entered accordingly. Plaintiff sued out this writ, and applies for a supersedeas.

It is contended that it was error to render judgment for defendants upon the evidence. A. L. Roper's grantee was his sister-in-law. This circumstance cast upon defendants the burden to establish clearly that the transaction was honest and that there was no intent to hinder and defraud the creditor. *Chalupa v. Preston,* 65 Colo. 400, 407, 177 Pac. 965. The deed recites that the consideration is $6,500, and that it is subject to a mortgage of $2,500. It was executed on May 9, 1924. The evidence shows that on September 1, 1919, Roper gave Ella M. Browning a note and mortgage in the sum of $4,000; that on August 11, 1919, Roper received from some source the sum of $4,000, and that at that time defendant Browning was contemplating loaning, and may have loaned, him the sum of $4,000. While this evidence was admissible on the issue of consideration, it was not sufficient because it was

not connected with the consideration expressed in the conveyance involved in this suit. 27 C. J. 813. Neither Roper nor Browning testified at the trial. No one testified what was the consideration for the deed. For defendants' failure to offer sufficient proof to explain the transaction, the judgment is reversed and the cause remanded for new trial.

MR. JUSTICE DENISON and MR. JUSTICE WHITFORD concur.