No. 11,113

GALLIGAN *v.* MCLEAN.

Decided December 28, 1925.

Action for contribution. Judgment for plaintiff.

*Affirmed.*

1.  BANKS AND BANKING—*Notes—Contribution.* Where notes were signed by three directors of a bank as a liquidating committee, they were jointly and severally liable thereon, and one of them having paid a judgment on the notes, a judgment against another of the makers in his favor for contribution, is upheld.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. GRANBY HILLYER, Mr. C. E. SYDNER, for plaintiff in error.

Messrs. HODGES, WILSON & ROGERS, Mr. HENRY C. VIDAL, for defendant in error.

*Department Three.*

MR. JUSTICE SHEAFOR delivered the opinion of the court.

THIS is a suit for contribution brought by the plaintiff, McLean, against Galligan and Daly. Judgment in favor of plaintiff was for $29,230. Galligan brings the case here for review. The parties will be designated here as in the trial court.

Three promissory notes each for the sum of $21,173.66 were executed to the Globe National Bank of Denver, one signed by Galligan as principal and endorsed by McLean and Daly, another signed by McLean as principal and endorsed by Galligan and Daly, and the third signed by Daly as principal and endorsed by Galligan and McLean. The notes were given in renewal of other notes which had previously been executed by the same parties to the Globe National Bank.

September 24, 1923, the Globe National Bank brought suit on each of these notes against McLean, Galligan and Daly to recover the balance due on the notes, and on the day following, the defendants confessed judgment, in writing, in each of the three cases, which was entered accordingly.

On October 2, 1923, plaintiff, McLean, paid to the Globe National Bank the sum of $55,975.02, being the aggregate amount of the judgments entered on the notes. The defendants, Galligan and Daly, paid nothing thereon. It appears from the evidence, and seems to be conceded, that Daly was insolvent.

By reason of the payment of the judgments by McLean, Galligan procured the judgments to be satisfied of record. Defendant claims that the facts occurring anterior to the giving of these notes and the rendition of the judgments thereon, render it inequitable and unjust to hold him liable for the full amount of one-half of the amount paid by McLean to satisfy the judgments.

At the time the original notes were given the City

Bank of Denver sold and transferred to the Globe National Bank, also of Denver, all its assets except some which, according to their face value, amounted to approximately $63,000, and which the Globe National refused to accept.

There were nine directors of the City Bank, including plaintiff, defendant and Daly, and the last three were named as the liquidating committee of the City Bank to negotiate and consumate the sale of the assets of the City Bank to the Globe National. Galligan was at all times president of the City Bank and chairman of the liquidating committee.

Defendant claims that in order to consumate the sale it became necessary for the three directors, plaintiff, defendant and Daly, to execute the notes to the Globe National in lieu of the unaccepted assets; that the unaccepted assets were deposited with the Globe National to be held by it to indemnify and save harmless the makers of the notes. These assets were understood and considered, at the time, to be amply sufficient to protect the signers of the notes from loss.

The liquidating committee was empowered to dispose of these assets and apply the proceeds on the notes, but the assets greatly depreciated in value and finally became almost worthless. However, some were disposed of and the proceeds applied and credited upon the notes, leaving the balance for which judgments were confessed. After plaintiff paid the judgments, the residue of these assets, of doubtful value, were turned over to him but nothing has been realized therefrom.

Defendant also claims that the moneys derived from the execution of these notes formed a part of the consideration paid by the Globe National for the assets of the City Bank, and were distributed pro rata to the stockholders of the latter; that the indebtedness represented by the judgments on the notes was the indebtedness of the City Bank; that it was a bank transaction for the benefit of, and authorized by, the directors and stockholders of the City Bank, and thereby became, not the personal and individual liability

of the signers, but the liability of the City Bank and its shareholders. His real contention, therefore, is that all the stockholders of the City Bank should be held liable to contribute their pro rata share of the amount paid by the plaintiff.

It would serve, we believe, no useful purpose to further set forth here what the record discloses. It is sufficient to say that we have searched the record in vain for any fact which would sustain defendant's contention and justify us in holding in his favor.

The stockholders of the City Bank were not made parties or brought into this action. Whether they are liable for contribution, and whether defendant can successfully claim contribution from them in another action or proceeding, are questions not before us, and which we do not determine.

As between plaintiff and defendant the judgments do not constitute an indebtedness of the City Bank or its stockholders. Plaintiff and defendant were jointly and severally liable for the payment of the judgments. Plaintiff paid them, and manifestly it is equitable and in accordance with justice that defendant should, as between them, bear his share of the burden.

The judgment of the lower court was right and should be affirmed.

Affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE CAMPBELL concur.