No. 17,509.

LILLIE HINES, AS CONSERVATRIX OF SARAH EADE,
INCOMPETENT *v.* LOIS J. OLIVER.

(291 P. [2d] 693)

Decided December 19, 1955. Rehearing denied January 16, 1956.

Mr. BENTLEY M. McMULLIN, for plaintiff in error.

Messrs. MOSKO & SLATKIN, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

WE will herein refer to the parties as they appeared in the trial court, where plaintiff in error was plaintiff and defendant in error was defendant.

Plaintiff, as conservatrix of the estate of Sarah Eade, a mental incompetent, filed a complaint in the district court of the City and County of Denver in which she sought to set aside deeds executed by said mental incompetent conveying real estate to defendant who is the granddaughter of Sarah Eade. It was alleged in said complaint that the questioned deeds were procured by means of false and fraudulent representations and by undue influence exerted upon said Sarah Eade by defendant. It also is alleged that the grantor was without mental competency to execute a valid conveyance of property at the times the three questioned instruments were signed.

In her answer defendant admitted that Sarah Eade executed the said deeds, but denied that they were procured by means of false and fraudulent representations or by the exercise of undue influence, or that Sarah Eade was without capacity to execute a valid conveyance.

Trial was to the court without a jury, and after taking the matter under advisement the court entered findings and judgment in favor of defendant. Plaintiff, seeking reversal of the judgment brings the cause to this Court for review by writ of error.

Sarah Eade was adjudged a mental incompetent July 8, 1952. Her exact age is unknown, various witnesses testifying that she was as young as seventy-two years of age and as old as eighty-two. The deeds sought to be nullified were dated October 29, 1951, December 10, 1951, and April 8, 1952. After execution of the first deed mistakes in description of the real estate were noticed and the subsequent instruments were signed to correct those errors.

The summary of the argument advanced on behalf of plaintiff contains three specifications, the substance of which is as follows:

1. That the trial court erred in determining that more than a preponderance of the evidence was required to establish the mental competency of Mrs. Eade to execute the conveyances in question;

2. That the trial court erroneously adjudged that Mrs. Eade possessed sufficient mentality to execute the deeds; and

3. That the trial court erred in failing to find that the deeds were invalid because of fraud and undue influence.

The first specification above mentioned is without merit and requires no comment other than to state that the language of the trial court, indicating that clear and convincing evidence or evidence establishing the fact beyond a reasonable doubt, related only to that portion of the issues based on the charge of fraud and undue influence. The court did not apply that rule in determining the question of Sarah Eade's mental competency to execute the deeds in question.

### Questions to be Determined.

First: *Was there sufficient competent evidence received upon the trial to support the judgment of the trial court?*

This question is answered in the affirmative. Two qualified psychiatrists examined Mrs. Eade and offered expert testimony concerning her mental condition. One of them first saw her eight months after the first deed was signed, and the other examined her about eighteen months following that event. Each testified that in his opinion Mrs. Eade was mentally incompetent at the time she signed the three deeds. Other evidence tended to support this view. The argument advanced on behalf of plaintiff, when reduced to its essence, is that the trial court, upon the evidence, should have found for plaintiff instead of defendant. Having suffered an adverse judgment in the trial court, plaintiff's counsel now takes the position that the result for which he contends is mandatory as a matter of law.

The evidence admitted in support of the validity of the deeds was supplied principally by the attorney who prepared the instruments for signature. The deeds prepared for the purpose of correcting errors were executed in California and the first of these was signed in the presence of this attorney who was in that state at the time. He testified at great length, both on direct and cross-examination, and his testimony unquestionably contradicted that offered by counsel for plaintiff on the question of competency, raising an issue of fact for the determination of the trial court.

We might even agree that from the printed page a strong showing was made tending to establish the fact of mental incapacity; however, the trial court was not persuaded thereby, and necessarily rejected the showing made. As the court said in *Davis v. Pursel,* 55 Colo. 287, 134 Pac. 107:

"It is, therefore, a question for the trial court as to the convincing effect of the evidence. * * * It is that court, not this, which must determine the credibility of the witnesses, pass upon the weight of their evidence and find the facts."

In the instant case we cannot say, as a matter of law, that the evidence did not raise an issue of fact for the determination of the trial court whose finding is supported by competent evidence, and, accordingly, will not be disturbed on review.

Second: *Did the trial court commit error in determining that no issue had been raised by the evidence upon the question of fraud and undue influence?*

This question is answered in the negative. Plaintiff's attorney states in his brief that, "Recent decisions of this court show that under such facts as are shown by the evidence in this case the deeds in question must be held to have been obtained as the result of fraud and undue influence." The cases cited are: *Dittbrenner v. Myerson,* 114 Colo., 448, 167 P. (2d) 15; *House v. Smith,* 117 Colo. 305, 187 P. (2d) 587; *Hilliard v. Shellabarger,* 120

Colo. 441, 210 P. (2d) 441; *Zink v. Carlile,* 126 Colo. 208, 248 P. (2d) 306; and *Lesser v. Lesser,* 128 Colo. 151, 250 P. (2d) 130.

Generally, these cases deal with factual situations in which a fiduciary relationship existed between grantors and grantees in deeds, which gave rise to a presumption of fraud and undue influence, and in deciding those cases this Court recognized and applied, as indicated, the rule which requires the fiduciary in such cases to go forward with evidence to overcome the presumption of fraud which may arise in transactions between a trustee and beneficiary of the trust, or in other situations where a fiduciary relationship exists. In neither the Dittbrenner case nor the Shellabarger case was a family relationship involved. In the Lesser case the trial court set aside the deed in question, and, notwithstanding the rule which counsel would apply in the instant case, we reversed the lower court and upheld the deed.

There are many facts present in the case at bar which clearly distinguish it from those cases upon which counsel for plaintiff relied. In the record there is no indication that the trial court's findings against plaintiff upon the issue of undue influence resulted from any misconception of the applicable law.

The judgment is affirmed.