No. 18,501.

Escolastica Martinez, et al. v. Antonio Salazar.

(320 P. [2d] 335)

Decided January 13, 1958.

Mr. SAM T. TAYLOR, for plaintiffs in error.

Mr. ERNEST U. SANDOVAL, Mr. ALBERT J. TOMSIC, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE MOORE delivered the opinion of the Court.

THIS action was commenced in the trial court by Antonio Salazar, to whom we will hereinafter refer as the father, against his daughter Escolastica Martinez and her husband Faris Martinez. The prayer of the complaint was for the cancellation of a deed to 440 acres of land in Huerfano county. The deed in question was signed by the father and purported to convey the property to the said daughter and her husband in consideration of a promissory note for $4,000.00 payable five years from date and secured by a deed of trust on the property conveyed.

The action was tried to the court without a jury, upon the conclusion of which findings and judgment were entered in favor of plaintiff. The deed, promissory note and deed of trust executed by the daughter and her husband were ordered cancelled. The daughter and her husband are here on writ of error seeking a reversal of the judgment.

The sole questions to be determined by this court, as stated by counsel for plaintiffs in error in his brief, are:

*"Was there sufficient evidence introduced by plaintiff*

*to justify the lower Court to deny defendants' motion for dismissal, and was there sufficient evidence to warrant the Court's Findings of Fact and Conclusions?*

In proceedings in this court on writ of error, where the questions to be resolved relate to the sufficiency of the evidence, "we must search the record for that testimony most favorable to the judgment." *Bohe v. Scott,* 83 Colo. 374, 265 Pac. 694.

There was evidence before the court that the father, at the time the deed was signed and for a considerable time prior thereto, was forgetful, uncertain and incapable unassisted to properly manage and care for his property; that a year before the transaction involved a proceeding to test his competency was instituted by the daughter based upon his negligence in caring for his property. This, together with other evidence, was sufficient to sustain the findings and judgment of the trial court. On the other hand there was substantial evidence tending to establish the validity of the deed in question. The trial court, however, was not persuaded thereby. As was said, inter alia, in *Davis v. Pursel,* 55 Colo. 287, 134 Pac. 107:

"It is, therefore, a question for the trial court as to the convincing effect of the evidence. * * * It is that court, not this, which must determine the credibility of the witnesses, pass upon the weight of their evidence and find the facts."

As we stated in *Hines v. Oliver,* 133 Colo. 40, 291 P. (2d) 693:

"In the instant case we cannot say, as a matter of law, that the evidence did not raise an issue of fact for the determination of the trial court whose finding is supported by competent evidence, and, accordingly, will not be disturbed on review."

The judgment is affirmed.