Opinion by
Mr. Justice Moore.
Ray H. Carlsen brought this action against Darrell Perkins to recover damages for a false and fraudulent representation allegedly made by the defendant Perkins with reference to the installation of a furnace in the home of the plaintiff Carlsen. It was alleged in the com *5 plaint that the defendant falsely represented to the plaintiff that defendant
“* * * had completed the installation of a certain heating plant in the residence of the plaintiff at 1395 Kipling Street, Lakewood, Colorado, according to first class standards of workmanship, and in compliance with the requirements of the Building Inspector of Jefferson County, Colorado, and that all materials and work relating to said installation had been paid for in full.”
The defendant denied the allegations of the complaint and as an affirmative defense alleged the following:
“1. As a further and independent defense defendant states that during the month of July, 1962, he was serving as President of All Trades and Service, Inc., which corporation was authorized and doing business in the State of Colorado and was engaged primarily in the sale and installation of heating systems. As an agent and representative of All Trades and Service Inc., the said corporation contracted in July, 1962, with plaintiff to furnish labor and material for the installation of a heating system in his home at 1395 Kipling Street for the sum of $840.
“After the installation of the heating system George Ortega an officer and director of said corporation requested payment from the plaintiff and plaintiff wrote a check to All Trades and Service Inc., of which said funds were deposited in the company account and used in its normal course of business.
“That any monies due plaintiff is a corporation obligation of All Trades and Service Inc., and at no time did defendant ever hold himself out as being anything but an agent and representative of said corporation.”
At the conclusion of all the evidence counsel for defendant made a motion for a directed verdict in favor of the defendant and for dismissal of the action on the ground that the evidence was insufficient to prove the fraud upon which the claim of the plaintiff was based. The trial court sustained the motion and the plaintiff *6 is now here on writ of error seeking reversal of that judgment.
Plaintiff, in this court, argues that the trial court erred in determining, as a matter of law, that the evidence failed to establish the allegations of the complaint. We have read the record and conclude that the evidence offered by the plaintiff fails to establish that the defendant made a false and fraudulent representation of a material fact which was relied on by the plaintiff in making the payment which was due under the contract which he had entered into with All Trades and Service, Inc., a corporation.
At the conclusion of the trial the trial court said, inter alia:
“Frankly, I fail to see any fraud in this matter here. There is no doubt there is a breach of contract.”
❖ ❖ ❖
“It just seems to me that the whole thing is based on a breach of contract. When he signed that contract he [the defendant] said he would do something; he didn’t say he had already done it, but that he was going to do it.
“The only possible thing at all, as you say, is in the first instance where you said Mr. Carlsen said that the furnace was paid for; but at the time of the contract he didn’t ask him that. He asked him if it was on consignment and Perkins said no.”
An analysis of the record leads to the conclusion that it falls far short of showing the “clear and convincing” evidence that is required by the law in cases of this kind. Wiley v. Byrd, 158 Colo. 479, 408 P.2d 72.
The judgment is affirmed.
Mr. Justice Pringle and Mr. Justice Schauer concur.