No. 22169

JOHN L. STEVENS AND CLARA M. STEVENS *v.* LIBERTY LOAN CORPORATION OF JEFFERSON.
(421 P.2d 732)

Decided December 27, 1966.

KENNETH C. SCHOEN, for plaintiffs in error.

No appearance for defendant in error.

*En Banc*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

LIBERTY LOAN CORPORATION sued L. Stevens and Clara M. Stevens to recover the unpaid balance of a

promissory note. We will refer to the parties as they appeared in the trial court, or by name.

The defendants both co-signed the note in question on February 16, 1962. The note was given for a loan made by plaintiff to Beverly and Gary Loquist, the daughter and son-in-law of the defendants. The Loquists were not served with process in this action, and the judgment runs only against John and Clara Stevens.

John L. Stevens declared bankruptcy and was duly adjudged bankrupt prior to the bringing of this action by the plaintiff. Clara M. Stevens did not join in the bankruptcy proceedings.

The trial court found that Clara M. Stevens was indebted upon the note. The court also found that there had been fraud in the procurement of the loan and that therefore, the bankruptcy of John L. Stevens did not discharge his liability to plaintiff. The judgment ran against both defendants for $1,540.26, plus $277 interest, plus 15% attorneys' fees, or a total of $2,048.66.

The defendants' assignments of error may be summarized as follows:

1. That the trial court erroneously admitted into evidence plaintiff's ledger card showing the status of the account when no proper foundation had been laid for its admission.

2. That the plaintiff failed to show by clear and convincing evidence that fraud had been committed, and that, in any case, plaintiff did not rely on the alleged fraudulent representations.

3. That it was error for the trial court to grant attorneys' fees when plaintiff produced no evidence as to the reasonable amount of such fees.

4. That the judgment was excessive and not supported by the evidence.

I.

█ The defendants' first assignment of error is that the trial court admitted plaintiff's ledger card into evidence when no proper foundation for its admission

had been laid. The card was a ledger evidently maintained in the plaintiff's office showing the payments made and the balance due on the note in question. Both Mr. and Mrs. Stevens testified to the correctness of the balance claimed by Liberty, and the question of whether the ledger cards were properly admitted is therefore moot insofar as this writ of error is concerned.

II.

The defendant's second assignment of error is that the trial court's finding that there had been fraud in the procurement of the loan is not supported by the evidence. Plaintiff contended at the trial that certain items were fraudulently omitted from the financial statement given it by the defendants. Defendants' position is that the omission of these debts, if they truly were omissions, did not result from any fraudulent intention on their part.

The debt owed by defendant, John L. Stevens, to the plaintiff was duly scheduled in the proceedings in bankruptcy. Plaintiff claimed that section 17(a)(2) of the Bankruptcy Act excepts this debt from the defendant's discharge in bankruptcy. That section, as amended, reads in part as follows:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * * (2) are liabilities for obtaining money or property by false pretenses or false representations, or for obtaining money or property on credit or obtaining an extension or renewal of credit in reliance upon a materially false statement in writing respecting his financial condition made or published or caused to be made or published in any manner whatsoever *with intent to deceive. * * *"* 74 Stat. 409 (1960), 11 U.S.C. § 35 (1964). (Emphasis supplied.)

In order to come within the statutory exception to discharge, the party alleging the fraud must meet the requirements of proof of positive fraud, that is, the alleged fraudulent representations must have been material and false in fact. *Weigand v. Furniss,* 85 Idaho

189, 377 P.2d 371. They must have been made *with an intent to deceive and defraud,* and the creditor must have believed the representations, and must have relied on the representations in acting to its prejudice. *Zerega Distrib. Co. v. Gough,* 52 Wash.2d 443, 325 P.2d 894; 1 Collier, *Bankruptcy,* § 17.16 [3] (14th Ed. 1966); 8 Remington, *Bankruptcy,* § 3320 (6th Ed. 1955); 9 Am. Jur.2d, *Bankruptcy,* §§ 780, 782; Annot., 17 A.L.R.2d 1208 (1951). Moreover, the evidence to prove such fraud must be of a clear and convincing nature, *Carlsen v. Perkins,* 160 Colo. 4, 413 P.2d 456; *Wiley v. Byrd,* 158 Colo. 479, 408 P.2d 72.

■ Applying the principles of law above stated to the record before us, the evidence does not support a finding of the fraud contemplated by section 17(a)(2) of the Bankruptcy Act. The only evidence in the record relating to the debts omitted in the financial statement came from Stevens himself who offered an explanation of their omission which removed his omission of the debts from the operation of section 17(a)(2) of the Bankruptcy Act. The plaintiff presented no evidence to contradict Stevens' explanation. It, therefore, failed to sustain the burden of proof required in such cases.

III.

■■ The trial court allowed attorneys' fees of 15% of the amount due. We have held that the holder of a note providing for the payment of reasonable attorneys' fees upon collection is entitled to the recovery of such a fee only upon a showing that the fee actually has been paid or incurred and that the amount of the fee is reasonable. *Waterman v. Sullivan,* 156 Colo. 195, 397 P.2d 739; *Rock Wool Insulating Co. v. Huston,* 141 Colo. 13, 346 P.2d 576. There was no evidence presented to meet those requirements. The judgment for attorneys' fees, therefore, cannot stand.

IV.

■ The defendants' fourth assignment of error is that the amount of the judgment is excessive and not sup-

ported by the evidence. As we pointed out, the defendants admitted the amount claimed was correct. This assignment of error clearly has no merit.

The judgment as to John L. Stevens is reversed with directions to dismiss the action. The judgment as to Clara M. Stevens is affirmed in part and reversed in part and the cause remanded with directions to the trial court to deduct from the total recovery the amount allowed for attorneys' fees and to enter judgment against Mrs. Stevens for the balance.