470 P.2d 882 (1970)
Henry L. LINKER, Individually and as Executor of the Estate of Henry Linker, Deceased, Clarence L. Linker, Mrs. Clarence L. Linker and Alvin E. Linker, Plaintiffs in Error,
v.
Gretta LINKER, Defendant in Error.
No. 70-052. (Supreme Court No. 23540.)
Colorado Court of Appeals, Div. II.
March 24, 1970.
Rehearing Denied April 9, 1970.
*884 Sandhouse & Sandhouse, Sterling, for plaintiffs in error.
Sherman E. Walrod, Holyoke, Francis A. Benedetti, Wray, for defendant in error.
Selected for Official Publication.
DUFFORD, Judge.
This case was originally filed in the Supreme Court and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
This writ of error seeks reversal of a judgment of the trial court declaring void a gift of two promissory notes given by a decedent to his sons during his lifetime.
The defendant in error was the plaintiff in the trial court and will be referred to herein as the "plaintiff." The plaintiffs in error were the defendants in the trial court and will be referred to herein as "defendants." Henry Linker, Sr. will be referred to as "Henry Linker" or as "the decedent."
The plaintiff and Henry Linker were married on December 19, 1960. In July of 1963, Henry Linker had an operation for stomach cancer which resulted in the removal of three-fourths of his stomach. In April of 1965 it became necessary to have another operation. On May 14, 1965 Henry Linker attempted to transfer a $75,000.00 note and a $10,000.00 note to two of his three sons, Henry L. Linker and Clarence L. Linker, the makers of the notes, by way of gift endorsement on the reverse side thereof. A third son, the defendant Alvin Linker, was made a party on the basis of plaintiff's allegation that he was to receive one-third of the value of the notes. Henry Linker died on July 10, 1965.
The trial court sitting without a jury declared the transfers void because they were (1) testamentary, (2) colorable and illusory, and (3) in fraud of plaintiff's rights as a wife and creditor of her husband's estate.

1. THE ANTENUPTIAL AGREEMENT
Defendants contend that an antenuptial agreement signed by the plaintiff and the decedent was a waiver of all plaintiff's rights in the estate of the decedent. The antenuptial agreement in question was declared null and void by the District Court of Morgan County in Civil Action No. 10542, and this decision has been affirmed by us in a companion case to this, Linker et al. v. Linker, 470 P.2d 921.

2. BURDEN OF PROOF
Defendants also contend that plaintiff failed to sustain her burden of proof. The trial court found that the plaintiff had sustained the burden of proof in her first, third and fourth claims for relief with clear, convincing and uncontradicted evidence. It should be noted that each claim for relief is self-sufficient. Therefore, if there is competent evidence to sustain the trial court's findings as to any one of the three claims for relief, the judgment must be affirmed. Plaintiff's fourth claim for relief was to the effect that the transfer was in fraud of her rights as a wife and creditor. In an action by a creditor to set aside as fraudulent a transfer between relatives, as is the case here, the burden of proof is on the parties to the transfer to establish that the transaction was honest. Chalupa v. Preston, 65 Colo. 400, 177 P. 965; First State Bank of Lodgepole v. Roper, 78 Colo. 1, 238 P. 63; Myers v. Hayden, 82 Colo. 98, 257 P. 351; Roberts v. Dietz, 86 Colo. 595, 284 P. 337.
The defendants failed to produce any evidence in the trial court. None of the defendants appeared personally. Balanced against this void of evidence on the part of the defendants is the evidence produced by the plaintiff, which indicated the following salient facts:
1. Secrecy on the part of both the grantor and the grantees.
*885 2. Transfers made when the grantor was conscious of his impending death.
3. The items transferred constituted the bulk of the assets owned by the grantor.
4. The result of the transfers would be to render the estate insolvent.
5. The grantor continued to collect interest on the notes after the date of the alleged transfer.
6. The alleged grantees were two of the three sons of the grantor and the transfer was made without consideration.
7. The third son is to receive a full one-third interest from the proceeds of the notes even though not named as a grantee.
These evidentiary indicia assume even greater weight under the rule of law that upon appellate review the record must be viewed in light most favorable to parties successful in lower court, and every inference fairly deducible from evidence must be drawn in favor of the judgment. Julius Hyman and Company v. Velsicol Corporation, 123 Colo. 563, 233 P.2d 977, cert. denied 342 U.S. 870, 72 S.Ct. 113, 96 L.Ed. 654, rehearing denied 342 U.S. 895, 72 S.Ct. 199, 96 L.Ed. 671; Martinez v. Salazar, 137 Colo. 17, 320 P.2d 335.

3. PLAINTIFF AS CREDITOR
Defendants' next contention is that the trial court erred in finding that the plaintiff was a creditor of the husband's estate within the meaning of C.R.S. 1963, 59-1-17. The defendants' objection to this finding is threefold. First, it did not conform to the pleadings; secondly, there was no evidence that plaintiff ever filed a claim as a creditor in the estate; and thirdly, the trial court improperly took judicial notice of the fact that the plaintiff had paid a judgment of foreclosure entered against her and the Estate of Henry Linker, jointly and severally by the District Court of Logan County, Colorado.
With respect to the first objection, from our examination of the record we find that all the material facts relating to plaintiff's standing as a creditor were pleaded in her fifth claim for relief. Plaintiff's counsel, in his opening statement, asserted that the transfers were in fraud of plaintiff's rights as a creditor, and that she was entitled to the protection of C.R.S. 1963, 59-1-17. Moreover, the defendants in the trial of the matter and in their motion for a new trial did not raise any question as to the sufficiency of the pleadings with respect to this issue. Had they done so, the plaintiff could have amended her pleading. Therefore, this issue is not properly presented for review. R.C.P. Colo. 59(f); Fladung v. City of Boulder, 165 Colo. 244, 438 P.2d 688.
The second objection makes the erroneous assumption that plaintiff is not a creditor of Henry Linker's estate unless she has filed a claim therein. When plaintiff paid the full amount of the joint and several judgment rendered against her and Henry Linker's estate, she acquired a right of contribution from the estate. Galligan v. McLean, 78 Colo. 468, 242 P. 74. The notes in question were not listed as assets of the estate and, therefore, the plaintiff has six years from the date of the death of the decedent in which to file her claim. C.R.S. 1963, XXX-XX-XX. The fact that plaintiff was not a creditor of the decedent at the time of the transfer of the notes does not defeat her standing. Fahey v. Fahey, 43 Colo. 354, 96 P. 251; Fish v. East, 10 Cir., 114 F.2d 177. (See also Gregory v. Filbeck, 12 Colo. 379, 21 P. 489, where the wife was held to be a creditor within the protection of the statute based upon a judgment obtained subsequent to the conveyance.)
We find it unnecessary to consider the third objection referred to above as there was other competent evidence to establish that the plaintiff had paid the judgment in question.

4. EVIDENTIARY AND PROCEDURAL MATTERS
The remainder of defendants' assignments of error concern evidentiary and procedural matters. More specifically, the *886 defendants contend that the trial court erred in:
(a) Allowing the plaintiff to testify as to conversations with the decedent.
(b) Admitting into evidence depositions taken in another proceeding.
(c) Taking judicial notice of records in other proceedings.
(d) Vacating its order of dismissal as to the defendant Alvin E. Linker.
(e) Admitting into evidence photostatic copies of checks payable to the decedent and signed by the Linker brothers.
Since these contentions of error all bear to some degree upon the trial court's ultimate judgment that the transfers of the notes should be set aside, we shall examine them here in their listed order.

(a) Plaintiff's Testimony

The defendants' contention is that the trial court erred in allowing the plaintiff to testify as to conversations with the decedent for the reason that such testimony was inadmissible under the provisions of the dead man's statute, C.R.S. 1963, 154-1-2. Since the defendants appeared as alleged grantees of the notes and not as heirs of the decedent, the dead man's statute is not applicable. Risbry v. Swan, 124 Colo. 567, 239 P.2d 600; Askins v. Easterling, 141 Colo. 83, 347 P.2d 126.
The defendants' claim that Alvin E. Linker was defending as an heir has no validity inasmuch as his rights as an heir could in no manner be adversely affected by a ruling in favor of the plaintiff.
The defendants further contend that the testimony of the plaintiff lacks corroboration. From our examination of the record, the contrary appears.

(b) Depositions

Defendants' objection concerns the trial court's admitting into evidence the depositions of Clarence L. Linker, Mrs. Clarence L. Linker and Henry L. Linker.
Plaintiff had originally filed one action against the defendants seeking to set aside an antenuptial agreement and to have the transfer of the notes involved here declared invalid. This action was subsequently transferred to the probate proceedings. Counsel for both parties then stipulated that the cause of action relating to the antenuptial agreement should be tried first. The cause of action relating to the transfer of the notes then became this action. The depositions of Clarence and Henry Linker were taken in plaintiff's original action involving the same parties and the same subject matter. R.C.P. Colo. 26(d) (4) provides that:
"[W]hen an action in any court of record of this state * * * has been dismissed or otherwise concluded and another action involving the same subject matter is afterward brought between the same parties or their representatives or successors in interest, all depositions lawfully taken and duly filed in the former action may be used in the latter as if originally taken therefor."
Defendants further object to the use of Mrs. Clarence Linkers' deposition on the basis that it was unsigned. R.C.P. Colo. 32(d) provides:
"Errors and irregularities in the manner in which the testimony is transcribed or the deposition is prepared, signed, certified, sealed, indorsed, transmitted, filed, or otherwise dealt with by the officer under rules 30 and 31 are waived unless a motion to suppress the deposition or some part thereof is made with reasonable promptness after such defect is, or with due diligence might have been, ascertained."
See also Appelhans v. Kirkwood, 148 Colo. 92, 365 P.2d 233.
The defendants also assign as error the trial court's refusal to order the plaintiff to introduce additional parts of the depositions. The trial court informed the defendants that they might offer any and all additional parts of the depositions into evidence as part of their case. Moreover, there was no showing on the part of *887 the defendants that the plaintiff did not offer all relevant portions of the depositions into evidence.

(c) Judicial Notice

Defendants assert that the trial court improperly took judicial notice of the files in the pending estate proceeding. The matters of which the trial court took judicial notice concerned its own records and files relating to other matters pending before the same parties. This was proper under Colorado law. Hughes v. Jones, 89 Colo. 455, 3 P.2d 1074; Houston v. Walton, 23 Colo.App. 282, 129 P. 263; and Eadon v. Reuler, 146 Colo. 347, 361 P.2d 445. Furthermore, all of the facts judicially noticed by the trial judge were established elsewhere in the record by other testimony and documentary evidence.

(d) Vacation of Order of Dismissal

Defendants contend that the trial court improperly vacated its order of dismissal against Alvin E. Linker. The original decision of the trial court to dismiss the defendant Alvin E. Linker under the theory that the action was in personam and not in rem was erroneous. Hoff v. Armbruster, 125 Colo. 324, 244 P.2d 1069. Upon motion by the plaintiff, the trial court reconsidered the matter and vacated the order of dismissal. This was entirely proper under R.C.P. Colo. 60(b), which provides:
"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake * * * (5) any other reason justifying relief from the operation of the judgment. * * *"

(e) The Checks

The trial court admitted over the objection of defendants certain copies of checks payable to the decedent and signed by the Linker brothers. The defendants had produced these checks in Civil Action No. 10542 prior to the severance of that action into two separate actions. The defendants now contend that the checks should not be considered in this action without any testimony as to their authenticity. Such evidence having been furnished by the defendants themselves in response to a motion for production of documents, and there being no claim by the defendants that such exhibits were incorrect, incomplete or misleading, there is no reason why the trial court in this cause could not admit such exhibits for whatever probative effect they might have.
The judgment is affirmed.
COYTE and DWYER, JJ., concur.