489 P.2d 1050 (1971)
Robert E. HAFFKE, Executor De Bonis Non of the Estate of Henry Linker, Deceased, Plaintiff-Appellee,
v.
Clarence L. LINKER and Henry Leroy Linker, Defendants-Appellants.
No. 71-018.
Colorado Court of Appeals, Div. II.
September 8, 1971.
Rehearing Denied September 28, 1971.
Certiorari Granted as to Haffke September 28, 1971.
Certiorari Denied as to Linker November 9, 1971.
Sherman E. Walrod, Holyoke, Francis A. Benedetti, Wray, for plaintiff-appellee.
John A. Kintzele, Denver, for defendants-appellants.
Selected for Official Publication.
*1051 COYTE, Judge.
In this case Robert E. Haffke, Executor De Bonis Non of the Estate of Henry Linker, Deceased, appears as plaintiff and the two sons of the decedent, Clarence L. Linker and Henry Leroy Linker, appear as defendants.
Basically, the issue involved in this case concerns a note for $75,000 executed by the two defendants in favor of the decedent. To clarify the case, a brief statement of the facts is necessary. In 1960, the decedent was married to Gretta Linker, after she had executed a purported antenuptial agreement wherein she waived all of her rights to the decedent's property. In 1963, the two defendants executed the note in question, as payment for a farm owned by their father. In 1965, shortly before his death, the decedent attempted to transfer the note back to the two defendants.
After Linker's death, in 1966 the wife, Gretta, sued to have the ante-nuptial agreement declared invalid. In this she was successful and we affirmed the trial court's decision in Linker v. Linker, 28 Colo.App. 131, 470 P.2d 921, cert. denied, May 28, 1970. In a companion case, the wife also sued the present defendant, Henry Leroy Linker, individually and as the then executor of decedent's estate, to have the decedent's transfer of the promissory note declared void. She was also successful in that action. Linker v. Linker, 28 Colo.App. 136, 470 P.2d 882.
Robert E. Haffke was subsequently appointed Executor De Bonis Non of the Estate of Henry Linker, deceased. Since the defendants had not made a payment on the note in March 1966, when due, the present executor declared the note to be in default and accelerated the due date. An initial confessed judgment was vacated upon motion by the two defendants, and trial on all issues was held before the court. The trial court found that the defendants had defaulted and, in accordance with the terms of the note, the holder was permitted to accelerate the due date. Total principal and interest on the note after deducting certain credits was found to be $103,850. Furthermore, the trial court held that by the terms of the note the holder was entitled to attorney's fees, which the court computed to be 25% of the total, or $25,962.50.
Defendants' first asserted error is that the trial court refused to reform the note. We find no merit to this argument for it concerns an issue that could have been properly raised during previous litigation. In the case of Linker v. Linker, supra, this court declared that the attempted transfer was invalid and that therefore the two defendants were indebted to the estate for the full face value of the note. Their argument here, that the note should be reformed to correspond with the intent of the parties, is merely another defense to their liability on the note. All the parties to this action were present in the previous case and fully litigated the issue of defendants' liability on the note. Any and all defenses to liability should have been raised at that time, for as pointed out in the case of Fladung v. Boulder, 165 Colo. 244, 438 P.2d 688, res judicata concerns not only a question previously litigated, but acts as a bar to the determination of all issues which might have been raised in the previous action. Inasmuch as reformation could have been raised as a defense to liability on the note, the failure to raise it at the previous trial in which the defendants' liability was established bars it from being raised in the present case.
Defendants also claim that $5,250.23 paid to their brother A. E. Linker should be deducted from the amount due on the note. This claim is premised on the argument that the intent of the parties to the note was to benefit this brother rather than the actual holder of the note, the decedent. The trial court properly refused this credit. Since the previous trial established that the holder of the note was entitled to the full amount due under the note, it would be improper to permit defendants to credit an amount paid to a third party on the *1052 basis that such payment was in accordance with the true intent of the parties to the note.
Next, defendants argue that the trial court erred in finding the note in default, thus permitting acceleration of the due date by the holder according to its terms. The note provides that semi-annual payments are to be made. Failure to make an installment payment on the note on schedule permits the holder of the note to accelerate the due date. It is not disputed that the March 1966 payment and subsequent installments were not paid, although two payments totaling $25,226.52 were made by June 30, 1970, and credited to the note. The trial court held that default had occurred in March 1966 because of the failure to pay the installment due on the note at that time and that it was proper to accelerate the due date of the note. We agree with this conclusion.
Defendants' argument to this is in two parts. First, they point to the fact that the note's terms do not state that upon default of an installment, acceleration is to be automatic, but rather states that acceleration is to be done only at the option of the holder, which acceleration they claim did not occur until July 1970. Second, they argue that at the time of acceleration the installments were up to date, primarily because of the June 30, 1970, payment, and therefore acceleration should not have been permitted.
As far as the first point is concerned, we note that the present executor was appointed in July of 1970. The previous executor of the estate was the defendant Henry Leroy Linker, one of the co-makers of the note. The defendant in his role as executor of the estate holding that note, declined to exercise the options contained in the note to protect the interests of the estate. An executor to an estate may not profit at the expense of that estate. Scholtz v. Hazard, 68 Colo. 343, 191 P. 123. Under the circumstances, we hold that the trial court was correct in finding that acceleration technically occurred in March 1966 upon default, not in July of 1970, when the executor de bonis non was appointed.
This answers the second argument because the acceleration of the due date in March of 1966 meant that the entire amount was due as of that date and therefore partial payment made in June 1970 does not satisfy their obligation to keep current the installments on the note.
Defendants also urge that the note was not in default because of the concept of equitable set-off. As set forth in Haffke v. Linker, Colo.App., 489 P.2d 1047, announced this date, this concept has no application in this case.
We agree with defendants that the court erred in awarding attorney's fees to plaintiff's lawyer in an amount equal to 25% of the total judgment. The defendants contest this award as unreasonable and, while we do not find the attorney's fees unreasonable as a matter of law, we hold that the trial court erred in the manner in which it determined the amount due.
Under the terms of the note, the holder was authorized to collect attorney's fees for collection costs in case of default. Implicit in such agreement is the recognition that such attorney's fees will be reasonable, that is commensurate with the actual labor and time expended by the attorney. Inasmuch as the holder of a note under such circumstances is not vitally concerned with the interest or well-being of the payor of the note, there is no particular reason he would seek the best possible terms with an attorney if he knows the payor must eventually shoulder the entire cost. The only evidence offered as to the value of attorney's fees was as to the usual and customary contingent fee charged the holder of a note by an attorney employed by the holder to collect the note.
Thus, merely because there is an agreement as to a contingent fee between the holder and the attorney does not mean that the sum agreed upon is a reasonable fee to be assessed against the maker in an action to collect the balance due on default. *1053 Stevens v. Liberty Loan Corp., 161 Colo. 312, 421 P.2d 732.
Judgment affirmed in part, reversed in part and remanded with directions that a hearing be held on the issue of attorney's fees.
DWYER and DUFFORD, JJ., concur.