**BAKEHOUSE & ASSOCIATES, INC., a Colorado corporation, Plaintiff-Appellee and Cross-Appellant,**

v.

**F.D. WILKINS, Defendant-Appellant and Cross-Appellee.**

No. 83CA0414.

Colorado Court of Appeals, Div. II.

Sept. 20, 1984.

Barash & LeHouillier, Patric J. LeHouillier, Colorado Springs, for plaintiff-appellee and cross-appellant.

Thomas J. Herd, Colorado Springs, for defendant-appellant and cross-appellee.

BERMAN, Judge.

Defendant, F.D. Wilkins, appeals the judgment of the trial court finding him liable to plaintiff, Bakehouse and Associates, Inc. (Bakehouse), for a real estate sales commission. Bakehouse cross-appeals the trial court's denial of its motion for attorney fees. We affirm the judgment as to the liability of Wilkins and reverse and remand for further proceedings on the issue of attorney fees.

Wilkins contracted with Bakehouse for the latter to manage certain property known as the "Alhambra Building" in Colorado Springs. Wilkins, who was primarily interested in leasing the office space in the Alhambra Building to commercial tenants, entered an "Exclusive Right to Lease" agreement with Bakehouse, under which Bakehouse was to advertise the building in the Colorado Springs multiple listing service.

The Exclusive Right to Lease agreement, a form document approved by the Colorado Real Estate Commission, contained a clause granting the broker, Bakehouse, a commission of six percent of the selling price should the owner, Wilkins, sell or contract to sell the building during the listing term. Although Wilkins had been a real estate broker for twenty five years, had read the agreement before signing it, and had made changes in the agreement above and below the commission clause, he claimed not to have seen that clause.

Wilkins sold the Alhambra Building for $700,000 during the term of the lease agreement to a buyer located by Bakehouse. Before closing, Wilkins offered to Bakehouse a $10,000 promissory note as a "finder's fee" for procuring the purchaser. Although the testimony was unclear as to whether this offer was accepted, Bakehouse did bring a $10,000 promissory note to the closing for Wilkins to execute. Wilkins refused, however, to execute the note, stating that he was not satisfied with the final accounting on the management of the building. Bakehouse then brought suit for $21,000, or one half of the six percent commission, the other half having been paid to the buyer's real estate agent.

Although Bakehouse requested an award of attorney fees in its complaint, the issue was not actually raised until after trial. At that time, following the court's oral entry of judgment from the bench but before the court's execution of a written judgment, Bakehouse filed a motion for attorney fees pursuant to § 13–17–101, C.R.S. (1983 Cum.Supp.), supported by affidavit purporting to demonstrate the actual hours expended in work on the case. The trial court denied this motion as untimely and because the attorney for Bakehouse represented his client on a contingent fee basis.

I.

Wilkins first contends that the trial court erred in finding the six percent commission clause to have been a valid part of the leasing agreement. Specifically, Wilkins contends that Bakehouse breached its fiduciary obligations to Wilkins by inserting an unexpected clause in the leasing agreement and not calling this to Wilkins' attention. We disagree.

The trial court expressly rejected as "inconceivable" Wilkins' contention that he was unaware of the six percent commission. There is abundant testimony and evidence in the record to support this conclusion. Further, the testimony given by the defendant on the stand was inconsistent with his deposition testimony. We will therefore not disturb the trial court's finding that defendant was aware of the six percent commission, *Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979), a finding which precludes any claim of breach of

fiduciary duties through misrepresentation. *See Glisan v. Smolenske,* 153 Colo. 274, 387 P.2d 260 (1963); *Cole v. Smith,* 26 Colo. 506, 58 P. 1086 (1899).

## II.

Wilkins next contends that the trial court erred in not finding a substitute or modified contract between the parties. Specifically, Wilkins contends that the agreement to receive a $10,000 finder's fee modified or superseded the original six percent commission clause. We disagree.

■ An agreement to modify an existing contract, *i.e.,* an executory accord, does not extinguish the original obligation, but suspends performance of that obligation until the accord is breached or satisfied. *Hinkle v. Basic Chemical Corp.,* 163 Colo. 408, 431 P.2d 14 (1967). *See American Textile Machine Corp. v. United States,* 220 F.2d 584 (6th Cir.1955); *see also Globe Express Co. v. Taylor,* 61 Colo. 430, 158 P. 717 (1916). If the accord is satisfied, the original obligation is discharged under the doctrine of accord and satisfaction. *Hinkle v. Basic Chemical Corp., supra.* If the accord is breached, however, the promisee may sue under either the original obligation or the accord. *Hinkle v. Basic Chemical Corp., supra; American Textile Machine Corp. v. United States, supra.*

■ Here, the trial court's finding that Wilkins' refusal to execute the promissory note at closing was a breach of the accord was well supported by the evidence, and will therefore not be disturbed on appeal. *Page v. Clark, supra.* This breach entitled Bakehouse to sue for its original commission. *Hinkle v. Basic Chemical Corp., supra; American Textile Corp. v. United States, supra.*

## III.

■ Relying on *P.J. Berry Co. v. Denver American Family Lodge West, Inc.,* 663 P.2d 264 (Colo.App.1983) and *Horton-Cavey Realty Co. v. Spencer,* 37 Colo.App. 96, 544 P.2d 998 (1975), Wilkins contends that Bakehouse was not entitled to a commission because it did not "negotiate" with the purchaser of the Alhambra Building, as required by the commission clause of the Exclusive Right to Lease agreement. However, as Wilkins did not raise this issue in his motion for new trial, we need not consider it. *Duran v. Lamm,* 644 P.2d 66 (Colo.App.1981).

## IV.

■ On cross-appeal, Bakehouse first contends that the trial court erred in determining that its motion for attorney fees was untimely. We agree. Although a request for attorney fees is best presented to the trial court before judgment, the request should not be denied merely because presented after judgment. *Moore v. De-Bruine,* 631 P.2d 1194 (Colo.App.1981).

Bakehouse also contends that the trial court erred in ruling that the contingent fee arrangement with its attorney precluded an award of attorney fees. We agree.

■ Although a request for attorney fees as a percentage of the judgment will be denied where no evidence of the reasonableness of the fee is presented, *see Stevens v. Liberty Loan Corp.,* 161 Colo. 312, 421 P.2d 732 (1966); *Waterman v. Sullivan,* 156 Colo. 195, 397 P.2d 739 (1964), the request should not be denied merely because a contingent fee arrangement is used. Rather, the plaintiff must demonstrate the reasonableness of the fee requested, and the contingent fee arrangement is but one factor to consider in that determination. *Cf. Haffke v. Linker,* 30 Colo.App. 61, 489 P.2d 1050 (1971) (cert. granted November 8, 1971, but dismissed by stipulation on April 5, 1972), 178 Colo. 456, 514 P.2d 633. The trial court thus erred in refusing to consider Bakehouse's motion on the grounds that its attorney was retained on a contingent fee basis.

The judgment with respect to the liability of Wilkins to Bakehouse is affirmed. The denial of Bakehouse's motion for attorney fees is reversed, and the cause is remanded with directions to consider the evidence presented and to make the appropriate

findings pursuant to § 13–17–101, C.R.S. (1983 Cum.Supp.). If attorney fees are awarded, the trial court is directed to determine Bakehouse's reasonable attorney fees incurred in the defense of this appeal and to add that amount to the judgment. Section 13–17–103, C.R.S. (1983 Cum.Supp.); *International Technical Instruments, Inc. v. Engineering Measurements Co.*, 678 P.2d 558 (Colo.App.1983).

KELLY and BABCOCK, JJ., concur.